



Andrea K. George
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Justice Forral

United States District Court
Eastern District of Washington

| | |
|---|---|
| United States, | No. 2:25-cr-00113-RLP |
| Plaintiff, | |
| v. | Motion to Strike Two of the Three Conspiracies Alleged in Count I |
| Justice Forral, | |
| Defendant. | |

# I. Introduction

Justice Forral files this motion to strike language from the indictment regarding two of the three conspiracies charged in Count 1 under FRCP 12(b)(3)(B)(iii) and (v), failure to state an offense and lack of specificity. It is a motion to strike rather than dismiss because one of the three conspiracies withstands a FRCP 12(b) challenge.

Justice Forral and others are charged with an offense under 18 U.S.C. §372, conspiracy to impede or injure officers. The Ninth Circuit examined §372 and determined it contained four conspiracies within the one statute. The Government has included three of those conspiracies in Count 1. Justice Forral moves to strike the language regarding two of the three conspiracies on two bases. First, the Government has failed to state an offense. Second, the indictment lacks specificity and fails to inform Justice Forral the charge against which they must defend.

Both conspiracies fail because "federal agents with the United States Immigration and Customs Enforcement and Homeland Security Investigations, and the federal agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the United States Border Patrol, and Spokane Police Department and Spokane County Sheriff's Office assisting them," (Indictment, ECF 1) are not "officer[s] of the United States" and Justice Forral could not have conspired against them under

§372. In the alternative, if they are officers of the United States, the conspiracies still fail because the Government has not named the injured party nor alleged any injury specific to their person or property, both elements of two of the charged conspiracies.

## II. Discussion

### A. Failure to State an Offense: The Federal Agents and Local Law Enforcement Set Forth in the Indictment are not, as a Matter of Law, Officers of the United States as Required by 18 U.S.C. §372.

In dismissing an indictment (or striking language) for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 913. In looking at the indictment here, it is clear that it fails to state an offense against the United States. Under 18 U.S.C. 372, two of the three conspiracies alleged in Count 1 must be against an officer of the United States. Those officers alleged, are not, as a matter of law, "officer[s] of the United States."

*United States v. Ehmer,* 87 F.4th 1073 (2023) involves a challenge to a conviction under 18 U.S.C. §372, conspiracy to impede an officer of the United States by the defendants' occupation of the Malheur National Wildlife Refuge. The Ninth Circuit examined §372 and designated four different conspiracies with various subcategories:

"If two or more persons in any State, Territory, Possession, or District conspire

      **[1]** to prevent, by force, intimidation, or threat, any person

          **[i]** from accepting or holding any office, trust, or place of confidence under the United States, or

          **[ii]** from discharging any duties thereof, or

      **[2]** to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or

      **[3]** to injure him in his person or property

          **[i]** on account of his lawful discharge of the duties of his office, or

          **[ii]** while engage in the lawful discharge thereof, or

      **[4]** to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties. . ."

*Id.* at 1117. The statute is designed to punish those who conspire against **[1]** "any person . . . holding any office, trust, or place of confidence under the United States," to prevent them from doing their job; and to punish those who conspire **[2]-[4]** to injure person or property of "officers of the United States" while they are performing their duties. *Id.*, at 1118.

      Ehmer was convicted of violating the conspiracy the Ninth Circuit designated **[1][ii]**, that is, he conspired with another "to prevent, by force, intimidation, or threat, any person . . . holding any office, trust or place of confidence under the United States, . . . from discharging any duties thereof."

Ehmer's challenge was that the sixteen impacted federal workers were merely employees of the U.S. Fish and Wildlife Service and not officers of the United States and hence, as a matter of law, Ehmer was not guilty of violating §372.

Under longstanding authority, "officers of the United States" is a term of art within the meaning of the *Appointments Clause. Id.* at 1118-1119. *See, Buckley v. Valeo*, 424 U.S. 1, 126 (1976); *Freytag v. Commissioner*, 501 U.S. 868, 880 (1991); *Lucia v. SEC,* 585 U.S. 237, 244 (2018), as well as statutory provisions like 5 U.S.C.S. 2104. "The Appointments Clause specifies that 'Officers of the United States' shall be appointed by the President "by and with the Advice and Consent of the Senate,' except that Congress 'may by Law' provide that 'inferior Officers' may be appointed by 'the President alone,' 'the courts of Law,' or 'Heads of Departments.'" U.S. Const., art. II, §2, cl. 2.

In *Steele v. United States*, 267 U.S. 505, 507 (1925) the Supreme Court discussed the longstanding authority that the words "officer of the United States," when employed in the statutes of the United States are to be taken to have the limited constitutional meaning specified by the *Appointments Clause,* citing *Burnap v. United States,* 252 U.S. 512 (1920); *United States v. Mouat*, 124 U.S. 303 (1888); *United States v. Smith,* 124 U.S. 525 (1888).

On appeal, Ehmer and others challenged their conviction contending the district court erred in declining to instruct the jury that the phrase "person . . . holding any office, trust, or place of confidence under the United States" refers only to those "Officers of the United States" whose appointments are governed by the Constitution's *Appointments Clause, U.S. Const. art II, §2, cl. 2.*

As an initial matter, the Ninth Circuit noted that conspiracy **[1][ii]** does not use the phrase "officers of the United States," but rather, references "any person . . . holding any office, *trust, or place of confidence* under the United States." *Id.*, at 1118. [Emphasis in the original]. The defendants argued that despite this distinction, the court should find the positions equivalent. The Ninth Circuit noted that even if this were the case, conspiracy **[1][ii]** "contains additional terms that go beyond the holders of an 'office.'" *Id.* "The use of these additional terms, which refer more generally to public employment, confirms that this clause of §372 is not strictly limited to those 'Officers of the United States' whose appointments are governed by the *Appointments Clause." Id.* at 98.

An excellent example of Congress modifying the term "officer of the United States" can be found in *Steele.* While the Supreme Court's presumption given to the phrase "officer of the United States" references those officers in the Appointments Clause, the Supreme Court did note that based on context, the

phrase has sometimes been given a more expansive reading. *Id.* at 507. For example, in *Steele,* the defendant challenged the validity of the seizure of whiskey by a general prohibition agent where the statute required the warrant must be issued "to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof." *Id.* at 506. The Court found that expression did not mean an officer in the constitutional sense and Congress did not intend to limit it so. *Id.* at 507. The statute was written to provide subpoena power to certain civil officials. The Court reasoned Congress did not wish to exclude those empowered to receive and execute search warrants from those officers who generally carried out those duties. Thus, based on context, the Court concluded the presumption that "officer of the United States" refers to the officers in the Appointments Clause, did not apply here. *Id.* at 507.

Unlike conspiracy **[1]**, conspiracies **[2]-[4]** have no modifying language or extra terms. The three conspiracies refer directly to "officers of the United States." *Ehmer* discusses the distinction between them:

> In this respect, the relevant clause [in **[1][ii]**] differs notably from the other three clauses [**[2], [3],** and **[4]**] of § 372, all of which are limited to actions directed at an "officer of the United States," *See id.* (referring, in the second clause, to "any officer of the United States" and then, in the third and fourth clauses, referring back to that phrase by using "him" and his". As a result, the predicate for applying *Steele's* presumption – i.e.

Motion to Strike Two of the three Conspiracies alleged in Count 1
- 6 -

that the statute's reach is defined by "the words 'officer of the United States.'" *See 267 U.S. at 507* (citation omitted)—is absent in the relevant clause **[[1][ii]]** of §372. And Congress's conspicuous choice *not* to use the simple phrase "officer of the United States" (or a substantially equivalent phrase) in all four clauses of §372 presumptively signifies an intention to give the first clause a different scope.

The Court went on to note "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 1118-19.

Title 18, United States Code, Section 111 is an excellent example. This statute deals with assaulting, resisting, or impeding certain officers and designees, employees as defined by Section §1114 – "officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) . . ." If "officer of the United States" encompasses all federal employees, Congress would not have needed to add "or employee. . .(including any member of the uniformed services)" to the designated individuals to which the statute applies.

Thus, it appears under *Ehmer*, conspiracy **[1]** includes individuals who are employees of the federal government. Conspiracies **[2]-[4]** must mean something other than employees of the federal government and that can only be officers subject

Motion to Strike Two of the three Conspiracies alleged in Count 1
- 7 -

to the *Appointments Clause* such as district court, and appellate judges, Supreme Court justices, ambassadors, and cabinet secretaries such as the attorney general.

As the named category of law enforcement officers does not include an "officer of the United States" in the constitutional sense, as a matter of law, the indictment fails to state an offense against the United States. This Court should strike the language regarding conspiracy **[3] and [4]** from Count 1.

> **B.  Lack of Specificity in Conspiracies [3] and[4]: The Indictment Fails to Inform Justice Forral Who is the injured party; Whether it is Injury to Person or Property [3]; If Injury to Person, What is the Injury; and  As for the Property[3] and [4], What is the Property, What is the Injury and Whose Property is it.**

The indictment alleges conspiracies **[1][ii], [3][i][ii]** and **[4]**:

known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to prevent, by force, intimidation, and threat, an officer of the United States from discharging any duties of his office, and to injure an officer in his person and property while engaged in and on account of the lawful discharge of the duties of his office, and to injure his property in order to molest, interrupt, hinder, and impede him in the discharge of his official duties, all in violation of 18 U.S.C. § 372.
(ECF 1, p. 2)

Conspiracies **[3]** and **[4]** are quite different from **[1]** and **[2]**. The first two require the defendants to conspire to prevent or induce by **force, intimidation, or threat**. The latter two require the defendants to conspire **to injure an officer of the United States [either his person and/or property]** while doing their job.

The indictment sets forth the objects of the conspiracy. However, the "Objects of the Conspiracy" only includes conspiracy **1[ii]** - to prevent, by force, intimidation, or threat, any person from discharging any duties thereof.

### Objects of the Conspiracy

The objects of the conspiracy included the use of force and threats against, and intimidation of federal agents with United States Immigration and Customs Enforcement and Homeland Security Investigations, and the federal agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the United States Border Patrol, and Spokane Police Department and Spokane County Sheriff's Office assisting them, in order to impede and thwart the processing and transport of federal detainees to their immigration hearings in Tacoma, Washington, and to coerce the release of federal detainees.

(ECF 1, p. 2).

The indictment fails to lay out the objects of conspiracies **[3]** and **[4]**. It fails to a) name the specific officer/s whose person or property was injured; b) fails to

delineate whether it was injury to person or property; c) fails to state the nature of the injury; d) if injury to property, fails to state what was that property; and e) fails to state whose property it was.

*United States v. Concord Management & Consulting LLC,* 347 F. Supp.3d 38, 44-45 (2018) lays out the standard for an indictment that is sufficient from two Supreme Court cases and two DC appellate cases.

> [A]n indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enable him to plea an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (D.C. 1974). Sufficiency "is not a question of whether [the indictment] could have been more definite and certain," *United States v. Debrow*, 346 U.S. 374, 378 (1953), but of "whether it is fair to require the accused to defend himself on the basis of the charge as stated." *United States v. Conlin*, 628 F.2d 150, 155 (D.C. Cir. 1980).

> When pleading a conspiracy charge, the government "cannot simply charge [the] offense by using the general language of the statute or the common law, but must accompany the generic language 'which such a statement of the facts and circumstances as will inform the accused of the specific offenses[] coming under the general description." *United States v. Treadwell*, 760 F.2d 327, 337 (D.C. Cir. 1985)(quoting *Hamling*, 418 U.S. at 117-18.

### 1) Injury Must be to an Officer of the United States

The plain language of the statute is that the injury to person or property **[3]** and injury to property **[4]** must be to an officer of the United States. Given the history of the statute, courts have construed this to be a crime against an individual,

not the United States. This makes sense, particularly in light of when the statute was originally enacted, and how it was later codified.

In *United States v. Rhodes*, 610 F. Supp. 3d 29 (2022) the district court laid out the history of §372. The prosecution of Rhodes and others arose from the assault on the Capitol on January 6, 2021. Rhodes was charged with seditious conspiracy and conspiracy by force, intimidation, or threats, to prevent members of Congress from discharging their duties of their office and to induce them to leave the place where their duties as officers were required to be performed, conspiracy **[1][i] and[ii]** of §372. He challenged both convictions based on a failure to state an offense; and also challenged the seditious conspiracy because the indictment did not sufficiently apprise him of the factual basis for the charge.

The District Court provided a historical background of both statutes, starting with the Civil War. The government did not have the laws in place to punish those who supported the rebellion. So, Congress passed "an Act to Define and Punish Certain Conspiracies" which eventually became the seditious conspiracy statute. *Id.*, at 36. The object of the act was to "punish persons who conspire together to commit offenses against the United States not analogous to treason. *Id.* [Internal citations omitted].

Ten years later, Congress passed the Enforcement Act of 1871, also known as the Ku Klux Klan Act "to enforce the Provisions of the Fourteenth Amendment of the Constitution of the United States." *Id.* [Internal citations omitted]. This enactment would eventually become the seditious conspiracy act, codified in 18 U.S.C. §2384. *Id.* [Internal citations omitted]. The statute contained two parts: conspiracies against the United States and conspiracies against officers to carry out their duties. *Id.* at 38.

When Congress enacted the Criminal Code of 1909, it split the statute in two and placed each part in a different code section. The seditious conspiracy provision was titled "Offenses Against the Existence of the Government." *Id.* The conspiracy to prevent an officer from carrying out his duties was titled "Offenses Against the Elective Franchise and Civil Rights of Citizens" *Id.* As stated by the court in *Rhodes*, "[t]his history is significant for two reasons. First, when Congress enacted the Ku Klux Klan Act in 1871, it understood how to distinguish crimes against the United States from those against a federal official." *Id.* Congress placed the seditious conspiracy offense within the same section as other crimes against the government. Unlike crimes against an officer, [a] seditious conspiracy charge therefore need not alleged a conspiracy aimed at a particular federal official

authorized to execute the law. In contrast, §372 does require the government to allege the particular person/s who is/are the object of the conspiracy.

The plain language of the statute requires that the injury must be to an officer of the United States. There were many federal and state officers involved in some capacity in this case. According to the discovery provided by the Government, there were over 100 Spokane police officers, approximately 18 Spokane Sherriff deputies, 3 ATF agents, 1 DEA agent, 42 FBI agents, 3 HSI agents, and 7 Border Patrol agents who touched this case in some way.

The indictment must inform who is the injured party and what is the injury, rather than merely provide a generic list of every agency present at the scene.

### 2. Injury to Property Must be the Property of the Officer.

The language in §372 is "to injure him in his person or property" and "to injure his property." This language expressly states the injury must be to an officer of the United States' person or property, not an injury to someone else, not the property of the United States, not someone else's property, it must be his body, his property. Although not recommended for full text publication, the Sixth Circuit addressed this issue in *United States v. Hopper*, 436 Fed. Appx. 414; 2011 U.S. App. LEXIS 10947 (6th Cir. 2011). In *Hopper*, the defendant was charged with a §372

conspiracy to injure the property or person of an officer of the United States.[1] He and another individual robbed a letter carrier of his wallet and phone. They did not take any mail. *Id.* at 416. Hopper challenged his conviction in part because they did not take any mail. The Sixth Circuit disagreed, emphasizing that "[t]he statute . . . says '<u>his</u> person or property,' not government property such as the mail. §372." (Emphasis in the original.) *Id.* at 425.

The plain language of conspiracies **[3]** and **[4]** requires that the injury must be to the person or property **[3]** of an officer of the United States; and property of an officer of the United States **[4]**. The indictment lacks specificity. Justice Forral does not know 1) who is the officer; 2) is it an alleged injury to his person or property; 3) what is the injury; and 4) if injury to property, whose property is it.

The indictment must inform what property is at issue and whose property it is. It does not and it is thus insufficient. Conspiracies **[3]** and **[4]** should be struck from the indictment.

### III. Conclusion

The indictment is insufficient because as a matter of law, it fails to state an offense against the United States; and fails to inform Justice Forral the elements of

---

[1] The defendant did not challenge that a letter carrier is not an "officer of the United States" within the meaning of the Appointments Clause.

the offense and provide sufficient facts to inform them as to what they must defend against. Pursuant to FRCP 12(b)(3)(B)(iii) and (v), the language in the indictment referring to conspiracies **[3]** and **[4]** must be struck from Count 1.

Dated: February 24, 2026.

                                          Federal Defenders of Eastern Washington & Idaho

                                          *s/Andrea K. George*

                                          Andrea K. George, MN 202125
                                          601 W. Riverside Ave., Suite 900
                                          Spokane, Washington 99201
                                          t: (509) 624-7606
                                          f: (509) 747-3539
                                          Andrea_George@fd.org

Service Certificate

I certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Lisa Cartier-Giroux and Rebecca Perez.

*s/Andrea K. George*

Andrea K. George, MN 202125
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org