Todd Blanche
Acting Attorney General of the United States
Lisa C. Cartier Giroux
Rebecca R. Perez
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORRAL,
BAJUN DHUNJISHA
MAVALWALLA, II,
and
JAC DALITSO ARCHER,

Defendants.

Case No. 2:25-CR-00113-RLP-2,8,9

United States' Omnibus *Second Motion in Limine*

May 5, 2026 @ 10:30am
With Oral Argument

Plaintiff, United States of America, by Lisa C. Cartier Giroux and Rebecca R. Perez, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits this Omnibus *Second Motion in Limine* for an order: (1) prohibiting reference to failure to charge other members of the conspiracy; (2) prohibiting reference to plea negotiations in this matter, or the terms and/or negotiations of disposition or any plea agreements, made with other charged co-conspirators or Defendants; (3) excluding evidence of purported good conduct of a defendant; (4) excluding testimony of undisclosed experts witnesses and any expert witness for which Defendants have not complied with Fed.R.Crim.P.16(b)(1)(C); (5) prohibiting reference to failure to call equally

SECOND MOTION IN LIMINE - 1

available witnesses; (6) prohibiting reference to any collateral consequence of conviction; and (7) prohibiting reference by any counsel for a defendant of their prior position as a prosecutor, specifically an AUSA, their title or rank, or opinions or argument drawing reference to that prior position as authority or experience.

In an abundance of caution, the United States further gives notice of intent to introduce other bad acts committed by Defendants during the course of the incident occurring on June 11, 2025, such conduct having been previously disclosed in discovery.

## A.    Motions in Limine

### 1.    Prohibiting reference to failure to charge other members of the conspiracy

The Court should preclude argument that the United States failed to charge other members of the conspiracy as it is advocation for jury nullification in that the United States has committed selective prosecution and/or violated a federal constitutional or statutory right of Defendants, which is a decision for the Court, not a jury. *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("If impermissible selective prosecution is demonstrated, the indictment itself is fatally defective regardless of any evidence proving guilt. A selective prosecution claim is therefore a question of law properly determined only by the Court and may not be argued before the fact-finders."). The United States Supreme Court has stated that a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). Because it involves a "defect in the institution of the prosecution," a selective prosecution defense is an issue for the court rather than the jury. *See, e.g., United States v. Jones*, 52 F.3d 924, 927 (11th Cir.), cert. denied, 516 U.S. 902 (1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (citing Fed.R.Crim.P. 12(b)(1)). Consequently, Defendants should be precluded from

SECOND MOTION IN LIMINE - 2

offering evidence or argument to the jury that the United States engaged in selective prosecution, including reference to failure to charge other members of the conspiracy.

**2.    Prohibiting reference to plea negotiations in this matter, or the terms and/or negotiations of disposition or plea agreements made with other charged co-conspirators or Defendants**

Evidence of plea negotiations or plea deals between a defendant or a co-defendant and the United States is generally not admissible at trial as it is irrelevant and misleading pursuant to Fed.R.Evid. 401, 402, and 403[1]. Admission of such evidence is generally permitted only for the limited purpose of impeaching the credibility of a co-defendant who is testifying for the prosecution pursuant to Fed.R.Evid. 607, and is not otherwise admissible as evidence of the lack of guilt of a defendant at trial. The United States therefore requests the Court to prohibit reference to plea negotiations, or the terms and/or negotiations of dispositions or plea agreements made with other charged co-conspirators or with Defendants.

**3.    Excluding evidence of purported good conduct of a defendant under Fed.R.Evid. 404(a) and 405**

The admissibility of evidence of a defendant's good character falls under Fed.R.Evid. 404(a). Fed.R.Evid. 405 outlines the methods of proving character where admissible. Defendants cannot offer specific acts of good character or conduct unless such conduct is an essential element of the charged offense. *See* Fed.R.Evid. Rule 404(a) and 405(b); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (traits of bravery and commendations the defendant received while serving as a police officer and member of the military not relevant in the prosecution of defendant for conspiracy to commit mail fraud and perjury); *See United States v. Santana-Camacho*, 931 F.2d 966, 968 (1st Cir. 1991) (evidence

---

[1] *See also* admissibility issues relating to Fed.R.Evid. 410, Fed.R.Crim.P. 11(f), and Fed.R.Evid. 802-804.

SECOND MOTION IN LIMINE - 3

that defendant was a good family man not relevant in a prosecution of defendant for criminal violations of the immigration laws); *See United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (evidence that defendant was a former policeman and had received commendations for his good police work were not admissible in a prosecution of the defendant in a drug conspiracy); *See United States v. Comejo*, 929 F.2d 610, 613 (11th Cir. 1991) (excluded the proffered testimony of a defense witness as it "was merely an attempt to portray [the defendant] as having good character through the use of prior good acts").

For example, Defendant Mavalwalla cannot offer evidence or argument, including in opening or closing, that he is a veteran and in the past served in Afghanistan, as that violates Rules 404(a) and 405(b), the purpose of which would be to portray him as having good character through the use of those prior good acts to prove that he acted in conformity with them on June 11, 2025[2]. Similarly, Defendant Forral and Defendant Archer cannot offer evidence or argument that they have previously provided acts of community service, as that too violates Rules 404(a) and 405(b). The United States therefore requests that the Court order that such argument or evidence which violates the rules of evidence be precluded.

Fed.R.Evid. 405(a) provides that *when admissible*, evidence of a person's character or character trait "may be proved by testimony about the person's reputation or by testimony in the form of an opinion." As such, Defendants should only be permitted to offer character evidence in the form of reputation or opinion *of relevant character or a character trait* pursuant to Fed. R. 405(a). If a defendant

---

[2] Evidence offered under 404 or 405 also "must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403. *See, e.g., United States v. Hooten*, 662 F.2d 628, 634–35 (9th Cir.1981), cert. denied, 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982) (Rule 404(b)) and *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir.1983) ( Rule 405(b)). Moreover, such evidence must be offered in a form admissible under the Federal Rules." *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987).

SECOND MOTION IN LIMINE - 4

intends on calling a character witness at trial to offer testimony admissible under Fed.R.Evid. 405(a), the United States requests a proffer of the witness' testimony so that the United States can make any objections, and for the Court to determine admissibility before allowing the jury to hear such testimony.

**4.    Excluding testimony of undisclosed experts witnesses and any expert witness for which Defendant does not comply with Fed.R.Crim.P.16(b)(1)(C)**

The United States moves the Court to exclude the testimony of undisclosed expert witnesses as well as expert witnesses for which a defendant has not properly provided witness summaries or are otherwise not in conformance with Fed.R.Crim.P.16(b)(1)(C).

**5.    Prohibiting reference to failure to call equally available witnesses**

The United States moves to preclude Defendants from arguing that the jury should make an adverse inference from the United States failing to call equally available witnesses pursuant to *Kean v. C.I.R.*, 469 F.2d 1163, 1187 (9th Cir. 1972). Defendants should be prohibited from making references to, or arguments about, the United States' failure to call any witness equally available to both parties. The Ninth Circuit has held that a trial court should instruct the jury regarding a "missing witness" only "if two requirements are met: (1) the party seeking the instruction must show that the witness is peculiarly within the power of the other party and (2) under the circumstances, an inference of unfavorable testimony against the non- moving party from an absent witness is a natural and reasonable one." *United States v. Ramirez*, 714 F.3d 1134, 1137 (9th Cir. 2013).

While certain witnesses are employees of the Federal Government, they are equally available to be called by both parties. In light of the clear and compelling video of the incident, it would not be natural for a juror to infer unfavorable testimony for the prosecution from the absent witnesses.

SECOND MOTION IN LIMINE - 5

While the United States recognizes and emphasizes that Defendants have no duty to call any witnesses, should they wish to do so, all witnesses to the incident are equally available to both parties. Consequently, Defendants should gain no strategic advantage by advancing this misleading argument if both parties elect not to call a particular witness. Defendants are of course permitted to comment on the United States' failure to meet its burden to overcome the presumption of innocence, but they should be precluded from specifically commenting on the government's failure to call equally available witnesses.

### 6. Prohibit reference to any collateral consequence of conviction

The United States moves this Court to preclude Defendants from introducing evidence, making arguments, or otherwise mentioning the potential penalties or other collateral consequences they will be subject to if convicted. As a result of conviction, Defendants may face incarceration, fines, as well as other negative consequences, including indebtedness, bankruptcy, loss of assets, and/or issues with professional licensing. The United States anticipates that Defendants may attempt to use these potential consequences of conviction to elicit the jury's sympathy or otherwise distract it from properly determining a defendant's guilt or innocence.

It is well-settled that because the imposition of punishment is a matter exclusively within the authority of the trial judge, the jury has no reason to consider information related to punishment in reaching a verdict. Indeed, when, as here, a jury has no sentencing function, it is obligated to "reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975) (citations omitted); *Shannon v. United States*, 512 U.S. 573, 579 (1994). The United States will be requesting that the Court give Ninth Circuit Jury Instruction 6.22 precluding jurors from any consideration of punishment in making its determination of whether the government has proved its case beyond a

SECOND MOTION IN LIMINE - 6

reasonable doubt. Such an instruction is appropriate because "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579; *see also United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995) (recognizing that the only purpose is to invite jury nullification).

Just as the jury has no reason to consider a defendant's possible punishment, other consequences of conviction, such as the financial or professional licensing implications that may result, are similarly irrelevant to the jury's fact-finding function. *See Shannon*, 512 U.S. at 579 ("Information regarding the consequences of a verdict is ... irrelevant to the jury's task.").

Accordingly, the United States requests that the Court enter an order prohibiting Defendants from introducing information regarding punishment or other collateral consequences of conviction to the jury.

**7.    Prohibiting reference by any counsel for a defendant of their prior position as a prosecutor, specifically as an AUSA, their title or rank, or opinions or argument drawing reference to that prior position as authority or experience**

The United States is aware that at least of two of defense counsel were former AUSAs, and possibly state prosecutors at some point in their legal careers. The undersigned was a public defender prior to becoming a prosecutor. Just as it would be improper for the undersigned to make argument regarding defenses presented or the guilt or innocence of Defendants based on the undersigned's prior position, title, and experience, it is similarly improper for prior prosecutors now acting as defense counsel to make argument or references to that prior position as authority or experience to color the jury's consideration of the evidence. The United States therefore moves the Court to order that such argument is improper and prohibited.

SECOND MOTION IN LIMINE - 7

**B.    United States' Notice of Res Gestae to Include Other Bad Acts**

The United States provides notice of its intent to introduce other bad acts committed by Defendants into evidence that occurred during the course of the incident on June 11, 2025 at the federal facility. The United States does not concede Fed. R. Evid. 404(b) is applicable to the introduction of these items, as they are *res gestae* and acts inextricably intertwined with the charged conduct and investigation. However, notice is provided in an abundance of caution.

Defendant Forral is charged in Spokane County in Spokane County Superior Court Case Number 25-1-01334-32 with acts he committed, including those against state law enforcement who were engaged in crowd control and helping the individuals in the federal building to safely depart. While the United States does not intend to introduce evidence that Defendant Forral was charged and is pending trial in the state matter, the United States does intend to introduce acts that he committed, including those against state law enforcement officers, detailed in the discovery and captured on video on June 11, 2025. Similarly, the United States intends to introduce acts and interactions of Defendant Archer and Defendant Mavalwalla, with Spokane County Deputies and Spokane County Police Officers, evidence similarly detailed in the discovery and captured on video on June 11, 2025.

The United States does not believe any of the evidence constitutes "prior bad act" evidence as contemplated by Rule 404(b), as the evidence is direct evidence of the charged crimes. Other acts, including crimes, are often admissible for reasons other than those listed in Federal Rule of Evidence 404(b) and need not be considered under that rule. As the Ninth Circuit has stated, "Rule 404(b) applies solely to evidence of 'other' acts, not to evidence of the very acts charged as crimes in the indictment." *United States v. Loftis*, 843, F.3d 1173, 1176 (9th Cir. 2016).

SECOND MOTION IN LIMINE - 8

Even if any of the evidence is not considered direct evidence, it must still be admitted because it is inextricably intertwined with the charged crimes. "Evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined.'" *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (*quoting United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987)). Inextricably intertwined evidence may be admitted "when it was necessary to do so to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

The United States may also introduce evidence of acts prior or subsequent to the charged conspiracy period, documented in discovery. It is well established that "the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 20011); *United States v. Kirby*, 692 Fed. Appx. 334, 337 (9th Cir. 2017).

To the extent any of the evidence summarized above could be deemed 404(b) evidence, Federal Rule of Evidence 404(b) allows the United States to introduce evidence of "other crimes, wrongs, or acts" committed by a defendant so long as the evidence is not used merely to show propensity. *See United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985); *also see United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) ("Unless the evidence of other crimes tends only to prove propensity, it is admissible."). Rule 404(b) specifically permits such evidence to show opportunity, intent, preparation, knowledge, and absence of

SECOND MOTION IN LIMINE - 9

mistake or accident, etc. Such evidence is admissible because it shows intent, knowledge, identity, and absence of mistake or accident.

To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time.  Once relevance is established, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

DATED this April 13, 2026.

Todd Blanche
Acting Attorney General


*s/Lisa C. Cartier Giroux*
 Lisa C. Cartier Giroux
Assistant United States Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.


*s/Lisa C. Cartier Giroux*
Lisa C. Cartier Giroux
Assistant United States Attorney

SECOND MOTION IN LIMINE - 10