FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

JUSTICE FORRAL,
BAJUN DHUNJISHA MAVALWALLA
II, and JAC DALITSO ARCHER,

          Defendants.

No. 2:25-CR-00113-RLP-2, 8, 9

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING

BEFORE THE COURT is Defendant Justice Forral's Motion to Accept Out-Of-Time Filing of Motion to Dismiss for Selective Prosecution. ECF No. 282. The Motion further requests the Court vacate its April 24 Order, ECF No. 280, denying Defendant Forral's Motion as untimely.

As more fully explained below, Defendant Forral's Motion is denied. This case has been pending for more than nine months. Trial is set for May 18, 2026. Most of the factual claims recited in Defendant Forral's motion to dismiss have been known for months. Defendant Forral has not provided any satisfactory

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 1

explanation as to why their motion to dismiss could not have been brought pursuant to the terms of the Court's scheduling order. Addressing Defendant Forral's arguments at this late date would only serve to delay trial and distract from trial preparation. Accordingly, the Court finds Defendant Forral has not established good cause for filing an untimely motion to dismiss.

## BACKGROUND

The Indictment in this case was filed on July 9, 2025. ECF No. 1. The Court's original scheduling ordered set trial for September 22, 2025 and a pretrial conference for September 8, 2025. ECF No. 134. Defendants filed motions to continue the trial date and to extend the deadline for filing pretrial motions. ECF No. 143, 149, 150, and 166. The Court considered these motions during an in-person hearing on September 8, 2025. ECF 169. The Court granted Defendants' motions and set a trial date of May 18, 2026 and motions deadline of March 2, 2026. ECF No. 173.

On February 13, 2026, Defendant Jac Archer filed a motion to modify the Court's briefing schedule. ECF No. 237. The motion stated Defendant Archer would be filing a motion to dismiss on First Amendment grounds by March 2, 2026. *Id*. at 3. Because the First Amendment motion would be dispositive, Defendant Archer requested additional pretrial motions be filed on or before April 17, 2026. *Id*. at 3. The Court granted Defendant Archer's motion in part. ECF No.

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 2

238. The Court explained that motions deadline of April 17 would not allow sufficient time for briefing and review by the Court. *Id*. at 2. Accordingly, the Court ordered all pretrial motions filed by April 13, 2026. *Id*. at 3.

Defendant Archer filed their motion to dismiss on March 2, 2026 as anticipated. ECF No. 242. Several days earlier, Defendant Forral filed a motion to strike. ECF No. 239. The motions were argued before the Court on April 14, 2026. ECF No. 267. At the close of the April 14 hearing, the Court issued an oral ruling, denying the motions. A written order was filed on April 20, 2026. ECF No. 276.

On April 23, 2026, Defendant Forral filed a Motion to Dismiss the Indictment for Selective Prosecution. ECF No. 278. The Court denied the motion as untimely. ECF No. 280. Defendant Forral subsequently filed a motion to accept out-of-time filing. ECF No. 282.

## DISCUSSION

Federal Rule of Criminal Procedure 12(c) authorizes the Court to set deadlines for filing pretrial motions. Motions filed outside of the court's deadline must be justified by a showing of good cause. FRCrP 13(c)(3); *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). Defendant Forral claims to have good cause for late filing of a selective prosecution motion based on the Department of Justice's April 14, 2026 motion to dismiss in *United States v. Nordean*, No. 23-03159 (D.C. Cir.). Because the motion to dismiss in *Nordean* was

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 3

not filed until after the motions deadline in this case, Defendant Forral appears to argue that the defense lacked sufficient facts to bring a selective prosecution motion until after April 14, 2026.

A motion to dismiss based on selective prosecution is governed by equal protection standards. *United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480 (1996). A defendant must show both the decision to prosecute has both a "discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524 (1985). Meeting this burden is no easy task. Generally, a selective prosecution claim begins with a request for specific discovery. *See United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (quoting *Armstrong*, 517 U.S. at 468, 114 S.Ct. 1480). But even then, discovery will not be granted unless a defendant demonstrates at least some evidence in support of a selective prosecution claim. *Armstrong*, 517 U.S. at 469.

Here, Defendant has never filed a motion for discovery on the selective prosecution claim. Yet the record is replete with arguments by Defendants that the current prosecution is politically motivated. For example, Defendant Archer's March 2, 2026 Motion to Dismiss references the departure of Acting U.S. Attorney Richard Barker in the summer of 2025, arguing Mr. Barker left the office based on his disagreement with the current prosecution. *See* ECF No. 242 at 7. The same motion argued that the current case constituted a "concerted effort" in the

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 4

Department of Justice "to stamp out all forms of opposition to its actions through vindictive and baseless prosecutions." *Id*. at 8. The reply brief filed by Defendant Archer on March 27, 2026 claimed that the presidential administration had "ordered all U.S. Attorneys' offices to charge protesters pursuant to National Security President Memorandum 7." ECF 250 at 9. According to the reply brief, "[a] top DOJ official instructed that 'coordinators' in U.S. Attorneys' offices should be 'hounding' federal agents to make cases and suggested the DOJ wanted headlines along with indictments, commanding: 'Go big, and go loud.'" *Id*. The reply brief cited a New York Times article that claimed the current prosecution was part of the administration's immigration effort. *Id*.

Defendant Forral's selective prosecution motion and motion to accept out-of-time filing reference the general political issues that have been argued previously in this case. The only new fact proffered in the motion is the fact that on April 14, 2026, the Government filed a motion to dismiss convictions in the case of *United States v. Nordean*, No. 23-3159 (D.C. Cir.).

*Nordean* involved federal conspiracy charges brought against several individuals associated with the Proud Boys organization and charged with playing leadership or planning roles in the attack on the U.S. Capitol on January 6, 2021. *See United States v. Nordean*, 2022 WL 17583799 (D.D.C. Dec. 11, 2022). The defendants were convicted after a jury trial. On January 20, 2025 President Trump

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 5

commuted the defendants' sentences. On April 14, 2026, the Department of Justice filed a motion to vacate the convictions, arguing "it is not in the interests of justice to continue to prosecute this case or the cases of other similarly situated defendants." Brief of the United States in *United States v. Nordean et al.*, No. 23-3159 at 2 (April 14, 2026 D.C. Cir.). The D.C. Circuit has yet to act on the Government's motion.

Defendant Forral's reliance on the April 14 filing in *Nordean* is insufficient to show good cause to reopen the expired motions deadline. The asserted selective prosecution theory was not newly created on April 14, 2026. Forral's motion relies on broad allegations of political motivation, media accounts, and purportedly disparate treatment in other politically charged prosecutions. These claims were available before the April 13 deadline. Indeed, even in *Nordean*, the defendants' sentences in that case were commuted long before the offense conduct date in this case. The Department of Justice's court filing in *Nordean* may have supplied an additional fact, but it did not create the theory itself or excuse the failure to timely raise it.

Trial in this case is less than a month away. Defendants were provided ample time to prepare and file pretrial motions, but that time has passed. Now is the time for final trial preparation and important work such as the preparation of jury instructions. Accordingly, the Court declines to accept ECF No. 278 as an out-

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 6

of-time filing. Because Defendant has not shown good cause under Rule 12(c)(3), the Court does not reach the merits of the underlying selective prosecution motion.

CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.       Defendant Justice Forral's Motion to Accept Out-of-Time Filing of Motion to Dismiss for Selective Prosecution and to Vacate ECF No. 280, **ECF No. 282**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to all counsel.

DATED April 27, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO ACCEPT OUT-OF-TIME FILING * 7