FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTICE FORRAL, BAJUN DHUNJIHA MAVALWALLA II, and JAC DALITSO ARCHER,<br><br>Defendants. | No. 2:25-CR-00113-RLP-2, 8, 9<br><br>SECOND ORDER ON PRETRIAL MOTIONS |

Before the Court are the Government's Motion in Limine Re Exclusion of Irrelevant Material, ECF No. 262, and Second Omnibus Motion in Limine, ECF No. 264; Defendant Justice Forral's Motion for Henthorn Material, ECF No. 259, Motion to Redact the Indictment, ECF No. 261, and Motion to Strike Government's Notice of 902(11) records as untimely and insufficient, ECF No. 288; and Defendant Jac Archer's Motion in Limine Re: Co-Defendants' Guilty Pleas and Plea Agreements, ECF No. 265.

SECOND ORDER ON PRETRIAL MOTIONS * 1

The Court held a hearing on the motions on May 5, 2026. Lisa Cartier-Giroux and Rebecca R. Perez appeared on behalf of the Government. Andrea George appeared on behalf of Forral. Ainuddin Ahmed and Matthew F. Duggan appeared on behalf of Defendant Bajun Mavalwalla. Andrew M. Wagley and Carl Joseph Oreskovich appeared on behalf of Archer. Each motion is addressed in turn.

FORRAL'S HENTHORN MOTION (ECF 259)

Forral moves for disclosure of impeachment material contained in personnel files of all testifying law enforcement officers. The motion is granted. The Government shall disclose all possible *Brady* and *Henthorn* material to the defense as soon as possible. The Court will not address the issue of whether information legally qualifies as impeachment material on an *ex parte* basis. The Court makes no ruling as to the admissibility of any disclosed records.

FORRAL'S MOTION TO REDACT INDICTMENT (ECF 261)

Forral moves to redact from the Indictment the names of all co-Defendants who have pleaded guilty, as well as Counts II and III which do not charge the remaining Defendants with a crime. The motion is denied. As stated at the hearing, the Court does not intend to provide the Indictment to the jurors. Rather, Forral's motion appears to be directed to what the Court will read to the jurors during *voir dire*. In that vein, **the parties are directed to provide the Court with their proposed language by May 8, 2026.**

SECOND ORDER ON PRETRIAL MOTIONS * 2

FORRAL's MOTION TO STRIKE (ECF 288)

Forral moves to strike the Government's notice of authentication under FRE 902(11) and exclude various Verizon and Facebook records on the grounds of late notice and that they are not self-authenticating.

Under FRE 902(11), the party proffering a business record must give the adverse party reasonable written notice of the intent to offer the record so that the party has a fair opportunity to challenge the record. The Court's scheduling order contains no deadline to file a FRE 902(11) notice. *See* ECF Nos. 173, 238. More fundamentally, the Government represents it disclosed these records in 2025. Nevertheless, Forral declined to bring a motion in limine to exclude the records.

The FRE 902(11) notice is not a motion which needed to be filed before the motions deadline, nor does the rule provide a time frame other than affording the adverse party "a fair opportunity to challenge." Forral had a fair opportunity to inspect these records and prepare a challenge. Forral may object to the admission of these records into evidence at trial. Therefore, the Government's notice complied with FRE 902(11). The motion to strike is denied.

Forral also claims the substance of the records is not self-authenticating under FRE 901(11) and 803(6). They cite *United States v. Allen*, 159 F.4th 625 (9th Cir. 2025), in support of this contention. *Allen* held that the process of self-

SECOND ORDER ON PRETRIAL MOTIONS * 3

authentication under FRE 901(11) and 803(6) is sufficient to authenticate social media records came from Facebook, but not the underlying content. *Id.* at 634. However, the *Allen* court also held the Government may authenticate the underlying content using circumstantial evidence tying a defendant to the social media records. *Id.*

The Court will entertain a challenge at trial to the authenticity of the Facebook and Verizon records if the Government is unable to use circumstantial evidence to tie an individual to the records.

GOVERNMENT'S FIRST SET OF MOTIONS IN LIMINE (ECF 262)

*First Amendment*

The Government moves to exclude Defendants from testifying or arguing before the jury that their conduct was protected by the First Amendment. The motion is granted in part and denied in part.

Issues of law are for the Court, not witnesses. *See United States v. Stevens*, 559 U.S. 460, 467, 130 S. Ct. 1577 (2010). No witness should testify regarding the ultimate issue of whether Defendants' actions were legal or constitutionally protected. Nevertheless, should Defendants elect to testify in this case, they must be given some leeway. Mens rea is an issue in this case. *See* ECF No. 276. Defendants must be allowed to testify as to their mental state regarding the charged offense. This can be done without Defendants summarily explaining that they

SECOND ORDER ON PRETRIAL MOTIONS * 4

intended to obey the law or that they intended to exercise their First Amendment rights.

The Court notes that Defendants' testimony on their beliefs about the legality of their own conduct is separate from possible testimony regarding their beliefs about the legality of conduct by government officials. As explained below, Defendants may be entitled to testify about what their subjective beliefs were at the time of the offense regarding the legality of various immigration enforcement activities. Should such testimony be proffered, a limiting instruction may be warranted.

The Court does not preclude counsel from arguing the case pursuant to the Court's final instructions, including any instructions that might define the scope of First Amendment protections.

*Richard Barker*

The Government moves to exclude statements of former U.S. Attorney Richard Barker. These statements occurred months after the events alleged in the Indictment and are irrelevant. The motion is granted.

*Department of Justice Policy*

The Government moves to exclude reference to the Department of Justice Policy, media statements regarding the Department of Justice's priorities, or other

SECOND ORDER ON PRETRIAL MOTIONS * 5

allegations that the prosecution of this case was improperly influenced. The motion is granted.

Allowing the introduction of such evidence would amount to an attempt to introduce a selective prosecution argument. Selective prosecution arguments are questions of law properly determined by the Court, not the jury. *See, e.g., United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983).

*Other Immigration Protests*

The Government moves to exclude testimony concerning other immigration enforcement events that have occurred around the country. The motion is granted in part and reserved in part.

Any events which occurred after the allegations in the Indictment are irrelevant to this case. To the extent the Government seeks to exclude testimony of events occurring after June 11, 2025, the motion is granted.

However, Defendants' awareness of contemporaneous or prior immigration protests may bear on their subjective intent. Such events may also provide valuable background information to the jurors explaining Defendants' presence at the Homeland Security Investigations (HSI) facility on June 11, 2025. Therefore, the Court reserves ruling on the relevance of immigration protests or other events which occurred at the same time as, or prior to, June 11, 2025.

SECOND ORDER ON PRETRIAL MOTIONS * 6

*Deportation Proceedings*

The Government moves to exclude reference to the immigration proceedings of Joswar Rodriguez Torres or other detainees, including the Western District of Washington's decision to grant Mr. Torres habeas corpus relief. The motion is granted in part and denied in part.

As with the Government's previous motion in limine, proceedings which occurred after June 11, 2025, are irrelevant to this case. This includes the Western District of Washington's decision to release Mr. Torres. The Government's motion is therefore granted to the extent it seeks to exclude evidence of, or reference to, immigration proceedings occurring after June 11, 2025.

However, the Governments' request goes too far. Defendants' subjective belief that Mr. Torres and other detainees were illegally detained is necessary to provide context of why they were at the HSI facility on June 11, 2025. As with the Government's motion in limine concerning the First Amendment, witnesses may testify to their belief that Mr. Torres or another individual was being illegally detained. This is not to include testimony or argument on the legal issues surrounding a detainee's immigration case, which are irrelevant to the instant case and pose a risk of undue prejudice, confusing the issues, or misleading the jury.

Relatedly, Defendants may not present evidence, or argue to the jury, that the law enforcement officers in this case were not engaged in the execution of their

SECOND ORDER ON PRETRIAL MOTIONS * 7

duties. This issue is a legal question which should be (or should have already been) presented to the Court.

*Jury Nullification*

The Government moves to exclude any argument in favor of jury nullification, including any suggestion that the prosecution of this case is unfair or unjust. The motion is granted.

 GOVERNMENT'S SECOND SET OF MOTIONS IN LIMINE (ECF 264)

*Reference to Failure to Charge Other Members of the Conspiracy*

The Government moves to exclude argument that the Government failed to charge other members of the conspiracy. The motion is granted.

*Plea Negotiations*

The Government moves to exclude evidence of plea negotiations between a Defendant and the Government. Such evidence is generally inadmissible under FRE 410 and FRCrP 11(f). *United States v. Leon Guerrero*, 847 F.2d 1363, 1367 (9th Cir. 1988). The motion is granted.

*Character Evidence*

The Government moves to exclude evidence of Defendants' good character, to include Mavalwalla's military service and other Defendants' community service. The motion is denied in part and reserved in part.

SECOND ORDER ON PRETRIAL MOTIONS * 8

"Evidence of a person's character or character trait is [generally] not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a)(1).

"A defendant puts his character at issue when he offers testimony as to honesty or his good reputation." *United States v. Gillespie*, 852 F.2d 475, 479 (9th Cir. 1988). "Testimony limited to the defendant's background, however, is not sufficient to put the defendant's general character at issue." *Id*. "[T]he trial court is entitled to wide discretion concerning the admissibility of background evidence." *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988).

Evidence of a defendant's prior military service has been held to be admissible to tell the jury about the defendant's background and life experience. *Id*.

Witnesses may testify to their backgrounds, including their prior military or community service. This is not character evidence prohibited under FRE 404(a). Should a Defendant intend to present character evidence, they are directed to provide the Court notice by May 8, 2026, to allow the Court to rule on its admissibility.

*Undisclosed Expert Witnesses*

The Government moves to exclude the testimony of any undisclosed expert witnesses. The motion is granted.

SECOND ORDER ON PRETRIAL MOTIONS * 9

*Failure to Call Equally Available Witnesses*

The Government moves to preclude Defendants from arguing the jury should make an adverse inference from the Government failing to call equally available witnesses. The motion is granted.

*Collateral Consequences of Conviction*

The Government moves to exclude evidence or argument mentioning criminal penalties, or other collateral consequences, of conviction. The motion is granted.

*Reference to Defense Counsel's Prior Position as AUSA*

The Government moves to exclude the defense from referencing that counsel previously served as an Assistant United States Attorney. The motion is granted.

ARCHER'S MOTION IN LIMINE (ECF 265)

Archer moves the Court to exclude reference to co-Defendants' plea agreements and guilty pleas. As with the Government's motion to exclude reference to plea negotiations, Archer's motion is granted.

OTHER MOTIONS

In addition to the above filed motions, the parties made various other requests at the hearing on May 5, 2026. The Court rules on these requests as follows:

SECOND ORDER ON PRETRIAL MOTIONS * 10

*Reference to Defendants as "Conspirators"*

Forral asks the Court to exclude reference to Defendants as "conspirators" or "co-conspirators" during opening statements or witness examination. Forral asserts this term assumes the guilt of Defendants. As discussed on the record, the motion is granted

*Reference to Defendants as "Defendant"*

Forral asks the Court to exclude reference to Defendants as "Defendant." The motion is denied for the reasons discussed on the record. However, for clarity the Court encourages the parties to refer to Defendants by their names wherever practicable.

*Reference to Law Enforcement Officers as Victims*

Forral asks the Court to exclude reference to the law enforcement officers involved in this case as "victims." The motion is granted for the reasons set forth on the record.

*Reserve Courtroom Seating*

Forral asks the Court to reserve the first row of seats in the Courtroom for investigators and Defendants' family members. The motion is denied. The Court declines to reserve any seating at this time.

//

SECOND ORDER ON PRETRIAL MOTIONS * 11

*Motion to Modify Conditions of Release*

Archer asks the Court to modify their conditions of release to permit them one visit to the HSI facility with their attorney. Mavalwalla and Forral joined this request. The motion is granted.

Pretrial release Condition No. 12 imposes a victim exclusion area that states: "Defendant shall remain 200 feet from the HSI facility in Spokane." ECF Nos. 125, 128, 129. The Court finds good cause to modify this condition to permit Defendants to visit the HSI facility with their attorneys. Notice shall be provided to the Government at least 24 hours in advance of any visit.

*Courtroom Sketches*

The Government asks the Court restrict any sketches of witnesses or jurors. The Court grants this motion with regards to jurors, but directs the parties to file briefing on the issue of allowing sketches of witnesses to be drawn. **Briefing on this issue shall be filed by May 8, 2026.**

*Length of Trial and Number of Alternate Jurors*

The parties shall update the Courtroom Deputy regarding the anticipated length of trial by Monday, May 11, 2026. Given the parties' representation that trial will last more than 5 days, the Court anticipates seating three alternate jurors. This will result in one additional peremptory strike per side.

//

SECOND ORDER ON PRETRIAL MOTIONS * 12

**Accordingly, IT IS ORDERED:**

1.    Defendant Justice Forral's Motion for Henthorn Material, **ECF No. 259**, is **GRANTED**.

2.    Forral's Motion to Redact the Indictment, **ECF No. 261**, is **DENIED**. **The parties are directed to provide the Court with the proposed charging language to read to the venire during** *voir dire* **by May 8, 2026.**

3.    The Government's Motion in Limine Re Exclusion of Irrelevant Material, **ECF No. 262**, is **GRANTED in part and DENIED in part** as outlined above.

4.    The Government's Omnibus Second Motion in Limine, ECF No. 264, is **GRANTED in part and DENIED in part** as outlined above.

5.    Defendant Jac Archer's Motion in Limine Re: Co-Defendants' Guilty Pleas and Plea Agreements, **ECF No. 265**, is **GRANTED**.

6.    Forral's Motion to Strike Government's Notice of 902(11) records as untimely and insufficient, **ECF No. 288**, is **DENIED**.

7.    General Condition 12 of the Defendants' pretrial release orders, **ECF Nos. 125, 128, 129**, is **MODIFIED** to permit Defendants to visit the HSI facility accompanied by their attorneys upon at least 24 hours notice provided to the United States.

SECOND ORDER ON PRETRIAL MOTIONS * 13

8.     The parties shall update the Courtroom Deputy regarding the anticipated length of trial **by Monday, May 11, 2026.**

9.     The Court anticipates releasing juror questionnaires to the parties on Wednesday, May 13, 2026. A video conference is scheduled for Friday, May 15, 2026 at 9:00 AM, during which the Court will entertain any strikes for cause based on the contents of the questionnaires.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to counsel, U.S. Probation, and the U.S. Marshal's Office.

DATED May 6, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

SECOND ORDER ON PRETRIAL MOTIONS * 14