Todd Blanche
Deputy Attorney General of the United States
Lisa Cartier-Giroux
Rebecca R. Perez
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>JAC DALITSO ARCHER,<br><br>                    Defendant. | Case No.: 2:25-CR-00113-RLP-9<br><br>United States' Response to Defendant's Motion to Exclude Portions of Audio Recordings Exhibit 78 (ECF 328) |

Plaintiff, United States of America, by and through Lisa Cartier-Giroux and Rebecca Perez Assistant United States Attorneys for the Eastern District of Washington, submits the following Response to Defendant Archer's Motion to Exclude certain portions of audio recordings, part of United States Exhibit 78.

Exhibit 78 overall is a powerpoint which compiles evidence from Archer's phone.  The final 5 slides are brief audio recordings made by Archer which were saved on their phone and are statements made by a party opponent and admissible under FRE 801. The statements are relevant and probative under FRE 401, 402, and 403. Specifically Archer reflects on and discusses their conduct occurring on June 11, 2025. . All recordings and other content of Archer's phone was provided to Defendant in discovery in February 2026.

Defendant has now moved to exclude the final two audio recordings contained within the exhibit. The first of those is labeled "PTT-20250616-

United States' Response to Defendant's Motion to Exclude Audio Recordings – 1

WA9000". The portion of the recording is accurately stated in Defendant's motion in pertinent part:

> . . . Someone from my gate, someone who is my employee at SCAR [Spokane Community Against Racism], um yeah, uh got arrested on seven counts of false imprisonment of a, of a, law enforcement officer. And since I was a part of that same action, and identifiable on the tape as one of, I think the only black person on that gate, um there is a non-zero chance that I could also be looking at felony charges. So, um, I have engaged counsel. . . .

The pertinent portion of the second recording labeled PRR-20250617-WA000 which Defendant seeks to exclude is similar and is accurately captured in Defendant's pleading (although the recording is difficult to hear for a moment ad Defendant states the word "fairly" is used in the last line, whereas the United States believes they say "thoroughly" rather than fairly"):

> . . . So I am a supervisor, I am the Executive Director at SCAR, right? So I have employees on the line, um, and, one of them is being charged with seven felony counts of um, um, false imprisonment. . . . Based in part, on what they did with me, blocking an ICE vehicle from leaving one of the exits of the facility. And, uh, it was, that's what flagged me to my current situation, the realization that I need to get my own counsel, because there could be charges for me at any point. Um, either the same felony false imprisonment charges, because honestly anybody on that line was ready charged [sic]. But I also know they are not going for everybody, they are targeting my employees specifically. . . . Or I could be looking at, um much softer, but definitely, probably couldn't beat it, misdemeanor, federal misdemeanor, um of interfering with a federal officer in his duties. Which, um, is a case that can definitely be fairly made. I'll leave it at that.

United States' Response to Defendant's Motion to Exclude Audio Recordings – 2

1. Defendant seeks to exclude on the basis that Archer's admissions implicate co-defendant Forral.

The United States does not believe those recordings identify Forral as the person Archer is discussing. The person is identified as someone who is an employee at SCAR, and someone who was at the south gate, and someone who was arrested and charged in the state.

There are multiple people who are employees at SCAR: Archer's SCAR text group which the United States will admit into evidence, labeled "SCAR Staff & Steering Committee", included 9 people, most of whom appeared to be at the HSI building on June 11th. Further,  is not clear that those people in the text group would be their "employees"; rather, it appears they are leaders along with Archer. Archer also texted several other groups labeled "Comm & Rumor Control" with 38 participants, "Spokane Police Accountability" with 15 participants, and "BIPOC Advocates Support Group" with 17 participants, this all in addition to Stuckart's Facebook dissemination of his call out to block the transport of the detainees. There appears to be a common goal among those groups and some people on the lists appear to overlap. SCAR is not simply just Forral and Archer, and any one of the unnamed persons who responded could be an employee. Furthermore, many people were in fact arrested and not simply Forral. The United States is not going to identify Forral as an employee of SCAR in its case-in-chief.

There were likely over 50 people at the south gate during the most intense moment, with many coming and going at various points throughout the day. Archer even states in their texts that they have posted 50-100 people present and have the exits covered. Archer is seen in the video to be organizing and communicating with multiple persons, and notably not with Forral.

As stated, there were over 30 people arrested on the evening of June 11th by SPD and SCSO. Forral was one of them, but they were not arrested at the south

United States' Response to Defendant's Motion to Exclude Audio Recordings – 3

gate. Rather, Forral was arrested hours later on the north side of the facility closer to the white bus.

Therefore, the statement about an employee being arrested in reference to the south gate will not connect Forral to the event in the government's case-in-chief.

The United States does not know all the employees at SCAR and will not introduce any evidence regarding people who may be members or employees of SCAR other than Archer's text group to the "SCAR Staff & Steering Committee". There will be no evidence introduced, as indicated in the United States' 404(b) notice, that Forral was charged with crimes in state court. In light of the overall events of the day, a reference by Archer to someone else who was charged with a crime does not inappropriately implicate Forral.

2. Archer's mention of the type of crime charged.

Archer also moves to exclude their statement on the basis that they may face felony imprisonment charges or federal misdemeanor charges because "it will force the jury to impermissibly conclude that Defendant Archer engaged in criminal conduct" and make improper assumptions about the type of potential penalty.

The United States is indeed seeking to introduce Archer's admission of their guilt of impeding officers as evidence to the jury that Archer knowingly impeded officers. It is very common that if a Defendant makes a statement—to police, to others, or to themselves—that they believe they are guilty of a crime, that statement is admissible at trial. The fact that Archer is concerned that it is a misdemeanor or a felony conduct does not render it inadmissible especially in light of the fact that Archer is putting forth facts that Archer is a law school graduate.

Archer may have had an incorrect understanding of exactly what the penalty for the crime was, but certainly admits the intent and that their actions constitute an act of impeding. The witness presenting the statement will be subject to cross and

United States' Response to Defendant's Motion to Exclude Audio Recordings – 4

Archer may testify and explain their meaning, or may choose not to. But the statement, as it stands, is admissible and should be introduced into evidence. Either party can then argue its meaning and importance.

Finally, a mention of engagement of counsel does not render the statement excludable—these are not statements made to counsel, nor are they statements made to police in the context of invocation of *Miranda*. It is Archer's statement of guilt and their analysis of what their actions might mean in a criminal context. The statements are admissible as provided in the exhibit.

Dated: May 17, 2026.

Todd Blanche
Deputy Attorney General

*s/ Rebecca R. Perez*
Rebecca R. Perez
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have emailed the document Counsel of record

*s/ Rebecca R. Perez*
Rebecca R. Perez
Assistant United States Attorney

United States' Response to Defendant's Motion to Exclude Audio Recordings – 5