Todd Blanche
Acting Attorney General
Rebecca R. Perez
Lisa C. Cartier-Giroux
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTICE FORRAL, BAJUN DHUNJISHA MAVALWALLA II, and JAC DALSITO ARCHER,<br><br>Defendants. | Case No. 2:25-CR-00113-RLP-2, 8, 9<br><br>UNITED STATES' REPLY TO DEFENDANT ARCHER'S SUPPLEMENTAL BRIEF MOTION TO EXCLUDE RE: GOVERNMENT'S EXHIBIT 78 FINAL TWO RECORDINGS |

Plaintiff United States of America, by and through Rebecca R. Perez and Lisa Cartier-Giroux, Assistant United States Attorneys for the Eastern District of Washington, submits the following surreply to Defendant's motion to exclude two audio recordings.

Introduction

The government wishes to be very clear, as a preliminary matter, the recording at issue is not attorney work-product itself.  Further, there is no attorney work-product in the recording at issue.  Because there is no attorney work-product, the attorney

UNITED STATES' REPLY RECORDINGS - 1

work-product doctrine is inapplicable, and there is no need to reach the argument of waiver.

Background

Defendant identifies the statements at issue in his brief (ECF No. 333 at 2). On June 17, 2025, Defendant Archer recorded PTT-20250617-WA0000 on their phone, which provides:

> . . . So I am a supervisor, I am the Executive Director at SCAR, right? So I have employees on the line, um, and, one of them is being charged with seven felony counts of um, um, false imprisonment. . . . Based in part, on what they did with me, blocking an ICE vehicle from leaving one of the exits of the facility. And, uh, it was, that's what flagged me to my current situation, the realization that I need to get my own counsel, because there could be charges for me at any point. Um, either the same felony false imprisonment charges, because honestly anybody on that line was ready charged [sic]. . . . Or I could be looking at, um much softer, but definitely, probably couldn't beat it, misdemeanor, federal misdemeanor, um of interfering with a federal officer in his duties. Which, um, is a case that can definitely be fairly made. I'll leave it at that.

(Ex. 78 at p. 19, timestamp 0:23-1:50.) In turn, PTT-20250617-WA000 was sent in a "WhatsApp Message" in a "group chat between ARCHER and ARCHER's parents." (Stuckart et al_00021023.)

The United States has redacted out the "I need to get my own counsel, because"… based on this Court's prior ruling, as well as a mention of counsel from another recording. No mention of Archer seeking to obtain counsel will be mentioned.

UNITED STATES' REPLY RECORDINGS - 2

<u>Argument</u>

In a criminal case, if a client makes a direct admission to their attorney, the attorney-client privilege strictly protects this communication from being disclosed. By contrast, the attorney work product doctrine protects the lawyer's own notes, trial strategy, and internal records, rather than direct admissions made by the client.

The attorney-client privilege protects confidential, oral, or written communications exchanged directly between the client and the attorney. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). The privilege applies where:

(1) legal advice of any kind is sought

(2) from a professional legal adviser in his capacity as such,

(3) the communications relating to that purpose,

(4) made in confidence

(5) by the client,

(6) are at his instance permanently protected

(7) from disclosure by himself or by the legal adviser,

(8) unless the protection be waived.

*Id.*

The attorney work product doctrine protects the materials created by the attorney such as legal theories, mental impressions, and investigative strategies. The work product doctrine applies to "materials prepared by an attorney acting for his

UNITED STATES' REPLY RECORDINGS - 3

client in anticipation of litigation."  ECF No. 333 at 4 (internal quotation omitted). The Supreme Court in *Hickman v. Taylor,* 329 U.S. 495, (1947), recognized the basic need for a lawyer to "work with a certain degree of privacy." *Id.* at 510. The Federal Rules later codified the Court's notion of work-product by protecting from discovery "documents and tangible things that are prepared in anticipation of litigation ...." Fed. R. Civ. P. 26(b)(3). "[W]ork-product doctrine shelters the mental processes of the attorney. . ." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020). A communication by the client is not work product; it is not work created by the lawyer.

In terms of "waiver" with respect to the communication here:  If Archer had made the communication/admission directly to Archer's attorney, in the absence of third parties, it would be shielded by the attorney-client privilege.  If the attorney had taken notes about the communication, they could be shielded as attorney work product. However, in this case neither is true.  Archer is discussing insights and beliefs Archer has as to Archer's case with Archer's family.  The recording was neither a communication from a client to an attorney nor was it an attorney's legal theory, mental impression or investigative strategy—in fact, Archer's attorney was not party to the communication at all.  The recording at issue has no status either as an attorney-client confidential communication nor as attorney work product.  Thus, there is nothing to be waived.

UNITED STATES' REPLY RECORDINGS - 4

This issue boils down to three core points that serve to illustrate that there is no privileged attorney client communication nor is there any attorney work-product at issue that needs to be excluded:

(1)    Jac Archer is not an attorney; Archer is a defendant.  Archer does not have attorney work-product in this case.

(2)    Archer was not communicating to attorneys when making the recording at question, nor was Archer communicating to attorneys when forwarding the message to Archer's parents.

(3)    Defendant Archer's own statements, "I need to get my own counsel, because there could be charges for me" and "I could be looking at, um much softer, but definitely, probably couldn't beat it, misdemeanor, federal misdemeanor, um of interfering with a federal officer in his duties" are not attorney work product.  These assertions are not documents and tangible things that are prepared by an attorney in anticipation of litigation.  They are the concerns of a defendant voiced to the defendant's parents.

As noted by Defendant, "The work-product doctrine [] allows legal counsel to 'analyze and prepare his client's case,'" ECF No. 333 at 4.  There is no attorney in this conversation, let alone one who is "prepar[ing] his client's case."  The recordings are not documents created by an attorney in anticipation of litigation. *In re Grand Jury,* 23 F.4th 1088, 1092 (9th Cir. 2021).  The work-product doctrine is inapplicable here and certainly does not require the exclusion of the government's exhibit.

UNITED STATES' REPLY RECORDINGS - 5

Defendant goes on to insist Archer did not waive the protection by disclosing it outside of the "magic circle" as one would with privileged material, avoiding the immediate and obvious obstacle—there was nothing to waive, as Archer's recordings on Archer's phone, subsequently sent to Archer's parents are not attorney work-product in the first instance. Defendant's proposition that anyone who chooses to discuss the merits of their own case with others has their communications cloaked in some sort of attorney work-product, such that they cannot be used as admissions of a party opponent is untenable and completely unsupported by the law. Indeed, Defendant cites no similar cases to this Court, and the government has been unable to unearth such a case.

Dated: May 19, 2026

s/ Lisa C. Cartier Giroux
Lisa C. Cartier Giroux
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to defense counsel of record.

*s/ Lisa C. Cartier Giroux*
Lisa C. Cartier Giroux
Assistant United States Attorney

UNITED STATES' REPLY RECORDINGS - 7