FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and JAC
DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

RESTRICTED ATTACHMENT
to ECF 301
United States' Motion to Exclude Henthorn Matrial

The United States has received the following information regarding potential witnesses:

1. ATF Special Agent Jared Tomaso

The United States received one document, which is attached as Exhibit 1. Exhibit 1 is a letter regarding a notice of suspension. The letter describes improper handling of evidence. In sum, SA Tomaso placed packaged evidence, including controlled substances, in a FedEx drop box, rather than dropping the package at a post office or physical FedEx facility where a FedEx employee was present to take custody of the package.  This deviated from the office policy however it is important to note that federal agencies do regularly utilize FedEx or other third party mail couriers in transporting evidence.  The package, including the controlled substances, were later stolen from the drop box. The letter proposes a 1-day suspension for the conduct. SA Tomaso appealed and ultimately received a letter of reprimand in his file but did not receive any suspension. That letter of reprimand is attached as Exhibit 1A.

The United States has not received any documentation regarding Special Agent Tomaso aside from what is contained in the exhibits.

2. Spokane County Sheriff's Deputy Britton Morgan

In response to the United States' *Henthorn* request, it received three documents. They are attached as Exhibits 2, 3, and 4.  The United States also inquired of this witness as to the underlying basis for these *Henthorn* disclosures which is also included below.

Exhibit 2 stems from a traffic stop. According to Deptuty Morgan, the suspect fled from police resulting in a vehicle chase. When the suspect was finally stopped, Deputy Morgan approached the suspect seated inside the vehicle. The suspect refused to show his hands despite Deputy Morgan's repeated orders to do so and instead continued to search around in the center console area of the vehicle. Deputy Morgan said something to the effect of "show me your hands or I'll shoot you in the fucking face." Deputy Morgan received the letter at Exhibit 2 based on the drawing of his weapon and failing to properly document it, his violation of body camera policy, and also for his use of language.

Exhibit 3 stems from an off-duty incident. According to Deputy Morgan, he was at a gym working out in the middle of the night following his shift. He advised he needed to use the restroom and knocked on the door of the men's bathroom/shower room. A woman responded that it was occupied. Deputy Morgan then used a gender-neutral bathroom and continued with his workout. Later, a woman and a man emerged from the men's bathroom with their hair wet. The woman was angry and yelled out, "who knocked on the bathroom door?" Deputy Morgan replied that he was the person who had knocked on the door. The woman then accused Deputy Morgan of sexual harassment. Deputy Morgan told her something to the effect of "eat a bag of dicks." The man who was with the woman became angry and also accused Deputy Morgan of sexual harassment and said he would call the police. Deputy Morgan informed them he was an off-duty police officer and that everything in the gym was captured by surveillance cameras. He then told the man that the man also could " eat a bag of dicks." For this, Deputy Morgan received the letter at Exhibit 3.

Exhibit 4 is a screenshot of an event. That is the totality of the information received from the Sheriff's Office. The United States cannot determine based on

the information contained there what event this pertains to. As indicated by the screenshot, any complaint was deemed "unfounded."

Additionally, Deputy Morgan has self-disclosed an open internal affairs investigation. Deputy Morgan advised that he was told by internal affairs that a case was opened based upon statements made in this case. That investigation remains open and there are no findings related to this witness or his conduct. The United States has not received any documentation or confirmation as to the existence of this pending IA investigation. Deputy Morgan advised that he was off duty on June 11, 2025, but was called in and ordered to report to work. Before responding to the scene, he first stopped at the Spokane County Sheriff's Office. As he was exiting his vehicle at the Spokane County Sheriff's Office, he stated something to the effect of "God, I hope they do some shit. I want to hit someone with a stick today". This statement was captured in Deputy Morgan's body camera and has been disclosed to Defendants in discovery.

The United States has not received any documentation regarding Deputy Morgan aside from what is contained in the exhibits.

### 3. Officer Daniel Valencia

In response to the United States' *Henthorn* request, it received two documents. Both documents are attached as Exhibit 5 and 6 and pertain to the same incident which occurred in June 2024. According to Officer Valencia, he was with a new officer who was being trained on traffic stops. They attempted to pull over an individual with no front license plates. The suspect did not stop and began to elude police by weaving through traffic and driving in an apartment complex. Once suspect did stop, the suspect did not comply with verbal commands. Officer Valencia believed that behavior was consistent with someone who may have an

outstanding warrant or other concerns about being arrested. Based on that, once suspect was stopped, Officer Valencia and his partner put the suspect in handcuffs. The suspect told Officer Valencia he was being stopped just because he was black. Officer Valencia explained the reason for the stop was no front license plate, and that suspect would not be issued a ticket for that offense. The suspect later filed a complaint and stated he was stopped because he was black. That allegation was deemed unfounded. Officer Valencia did receive a sustained finding of failing to report because he did not properly document in his report all of the reasons for putting the suspect in handcuffs.

In addition to the paperwork received by the Spokane Police Department, Officer Valencia self-disclosed to the United States other complaints he believed he could have had. The United States does not have any documentation associated with the following events. The first would have been approximately 5-6 years ago. Around that time, Officer Valencia stated he received two different complaints associated with a violation of pursuit policy. Officer Valencia believed one complaint may have been documented and the other resulted in verbal counseling.

The second event which was self-disclosed occurred approximately summer 2022. A citizen made a "shots fired" call. Dispatch did not receive any other calls aside from the call made by the citizen, which is inconsistent with how "shots fired" calls usually come in—there are almost always multiple calls to police. Officer Valencia and his partner responded. The citizen was present and standing with a firearm. There were no other individuals present, and there were some shell casings on the ground. The nature of the call and the circumstances were suspicious, as a result, Officer Valencia took the citizen's firearm. As the situation progressed, Officer Valencia believed the citizen may have fired the shots himself. Based on that, he examined the magazine of the firearm to determine how many

bullets were missing. For this, he received verbal counseling for failing to get a warrant to search the citizen's property.

In the summer 2024, Officer Valencia further self-disclosed that he was involved in a collision. A suspect began eluding police. The armored SWAT vehicle known as the "bearcat" chased the vehicle, and Officer Valencia was a passenger in a different police vehicle which also engaged in the chase. The bearcat went one direction around a block, and Officer Valencia's vehicle went another direction. The vehicle came around a corner and failed to yield, and t-boned the bearcat. Due to the sudden stop, Officer Valencia's vehicle (with Officer Valencia as a passenger) rear-ended suspect's vehicle. Suspect was later found guilty of two counts of vehicular assault. Officer Valencia received a complaint and a finding of violation of pursuit policy.

Officer Valencia self-disclosed he was involved in a shooting in December 2024. He and three other officers fired shots at a suspect who ultimately died. Pursuant to policy, Officer Valencia was placed on administrative leave for a brief time and then was permitted to come back to work. There have not been any formal findings from the prosecutor's office regarding the investigation. Officer Valencia has been informed that he has been named in a lawsuit regarding this incident, although he has not appeared in court or seen the paperwork. He has met with the city and his attorney to discuss the case.  There are no findings of wrongdoing associated with this event he self-disclosed.

Officer Valencia also self-disclosed he was charged with a DUI while in college in 2012 in Iowa. The case resolved with the reduced charge of negligent driving.

The United States has not received any documentation regarding Officer Valencia aside from what is contained in the exhibits.

4.  Sergeant Keith Gonsalves

In response to its *Henthorn* request, the United States received 3 documents from SPD, which are attached as Exhibits 7-9. All three documents pertain to the same incident. According to Sergeant Gonsalves, a civilian observed a boyfriend and girlfriend arguing. The civilian yelled at them to stop. The boyfriend then brandished a knife. The civilian began chasing the boyfriend, who ran. While chasing the boyfriend, the civilian called 911 and said he was being threatened. Sergeant Gonsalves and others responded and indicated to the civilian that he should stop pursuing the boyfriend. After discussion with those on scene, no report was written because all responding officers believed no crime had been committed. For this, Sergeant Gonsalves received a finding for not filing a report. While making the complaint in this case, the civilian also commended Sergeant Gonsalves for the positive way Sergeant Gonsalves treated him during the handling of this incident.

Sergeant Gonsalves also self-disclosed further complaints he believed he had received. The first occurred sometime in winter of 2024. At the time, Sergeant Gonsalves was monitoring a pursuit of an individual who burglarized a vehicle and was armed with a firearm. The pursuing officers were experienced tactical drivers. Based on the circumstances, Sergeant Gonsalves gave approval for the continuation of the pursuit. The situation was later reviewed by the pursuit review board, who determined that Sergeant Gonsalves's decision was not within policy. He received a finding for failure to supervise.

The second self-disclosed complaint occurred sometime around the end of 2025. All officers are required to complete a crisis intervention training. Sergeant Gonsalves failed to notify his entire team of the deadline. He was given the option of his entire team receiving discipline, or he alone receiving discipline. He chose

that he alone should receive the discipline, and there was a finding made regarding failure to supervise.

The United States has not received any documentation regarding Sergeant Gonsalves aside from what is contained in the exhibits.

5.  Officer Tyler Heiman

Officer Heiman self-disclosed he was charged with a DUI in 2021 or 2022. The case resolved with a plea to negligent driving. He was an officer at that time and was suspended for 7 days.

The United States has not received any documentation regarding Officer Heiman.

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

EXHIBIT 1



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Professional Review Board*

Washington, DC 20226

www.atf.gov

100000:RB
2141

June 24, 2025

MEMORANDUM TO:    Jared P. Tomaso
                 Special Agent
                 Seattle Field Division

       FROM:   Chair, Professional Review Board

       SUBJECT:   Notice of Proposed 1-Day Suspension

On May 1, 2025, the Professional Review Board (PRB) reviewed Office of Professional Responsibility and Security Operations (OPRSO), Internal Affairs Division (IAD), Report of Investigation (ROI) number 20250-002, dated March 7, 2025.  In addition to me, the PRB members hearing the case were Director of Industry Operations Kristina L. Babcock, Phoenix Field Division; Assistant Special Agent in Charge Cheryl D. Harrell, Tampa Field Division; Deputy Assistant Director Jeffrey L. Matthews, Field Operations Region 2; and Chief of Staff John E. Robinson, Office of Intelligence Operations.

In accordance with the provisions of Title 5 of the Code of Federal Regulations, Part 752, the PRB proposes that you be suspended from your position of Special Agent, GS-1811-13, for 1-day.  The decision regarding this proposed action will not be made until after you have had an opportunity to reply to the notice of the proposed action and the Bureau Deciding Official has reviewed the record.  **If the Bureau Deciding Official decides to impose the proposed penalty or a less severe one, you may at that time have rights to appeal the penalty.  The Bureau Deciding Official will not impose a penalty more severe than the one proposed.  However, any such right to challenge the penalty will not exist until after you receive the written decision from the Bureau Deciding Official imposing the specific penalty.**

This proposal is issued for the following misconduct: **Improper Handling of Evidence**.

**Charge 1: Improper Handling of Evidence**

**Policy**:  ATF Order 3400.1E, *Property Taken into Bureau Custody* **(4/9/2021)** Chapter E.

- 2 -

Special Agent Jared P. Tomaso
Seattle Field Division

Processing and Storage, Section l(b)(5) states the following: "When shipping evidence, agents shall employ packaging material that will protect the evidence from compromise, theft, or interruption in the chain of custody. ***The shipping method chosen shall be safe and ensure the chain of custody is maintained***. Acceptable methods include certified return receipt mail via the United States Postal Service (USPS) and FedEx. All labels bearing signatures shall be maintained in the office investigative case file." (Emphasis added).

**Specification 1**: On or about January 24, 2024, you deposited suspected drug evidence in a FedEx drop box.

The agency relies on the ROI and offers the following citations as proof of the above listed charge and specification. *See ROI, generally; see also ROI pgs. 30 to 33 (Your admission that on January 24, 2024, you attempted to send seized suspected drug evidence to a DEA lab via FedEx drop box from where it was later stolen); see also ROI pgs. 52 to 56 (Special Agent Timothy Wihera's corroborating statement that you placed suspected drug evidence in a FedEx drop box at 4:58 PM, after the last daily pick up at 4:15, and from where it was later stolen); see also ROI pg. 14 (ATF's initial reporting of the theft of 1.5 pounds of suspected methamphetamine from a FedEx box on January 24, 2024 after you placed it in the FedEx box); see also ROI pg. 81 (Report of Investigation which shows suspected drug evidence was stolen from a FedEx drop box in Spokane Valley, Washington after you dropped it off in the box on January 24, 2024 after the last pick up of the day).*

**PENALTY:**

In its deliberations to determine a reasonable penalty for the charged misconduct, the PRB weighed the relevant Douglas Factors[1] in your case. The aggravating and mitigating Douglas Factors are listed below.

**Douglas Factor (1):**  The nature and seriousness of the offenses, and their relation to your duties, position, and responsibilities, including whether the offenses were intentional or technical or inadvertent, or committed maliciously or for gain, or frequently repeated.

The charged misconduct at issue is serious and is directly related to your duties, position, and responsibilities which include following agency policies and/or ensuring evidence taken into ATF custody is properly safeguarded. Your misconduct was serious as you intentionally shipped suspected drug evidence in a manner which compromised the chain of custody. Moreover, the evidence was left overnight in a FedEx drop box from where it was stolen. Moreover, the theft negatively impacted the criminal charges which could be proven in the criminal case related to the suspected drugs. The PRB does not believe you committed the misconduct maliciously, nor was it frequently repeated. However, your actions resulted in one or more members of the public coming into contact with suspected drugs. When considering the totality of your case this is aggravating information in the record.

---

[1] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981).  Though there is no requirement to assess the Douglas Factors in a disciplinary action, the PRB used the relevant Douglas Factors as a guide in determining a reasonable penalty in your case.

- 3 -

Special Agent Jared P. Tomaso
Seattle Field Division


**Douglas Factor (2):** Your job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position.

You are an ATF Special Agent, which is a federal law enforcement position requiring a high degree of public trust and confidence. As such, you are held to a higher standard of conduct than other federal employees. Your behavior fell below that standard of conduct during the instance of charged misconduct and negatively impacted a criminal proceeding. Your position also includes contact with the public and members of the regulated industry. This is an aggravating factor in your case.

**Douglas Factor (3):** Your past disciplinary record.

You do not have a record of prior discipline in the reckoning period. This is a mitigating factor in your case.

**Douglas Factor (4):** Your past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability.

You have been employed by the agency since March 4, 2018, and the federal government since November 3, 2008. Your performance record shows you received "outstanding" performance evaluation ratings in 2021, 2022, and 2023. You received an "exceeds fully successful" performance evaluation in 2024. Your long tenure of service with the federal government, and performance records show you are a respected and dependable employee. This information is mitigating factors in your case.

**Douglas Factor (5):** The effect of the offense upon your ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties.

The PRB does not believe this offense will impact your ability to perform at a satisfactory level in the future. The PRB has not lost confidence in your ability to perform your assigned duties in the future. This is because there is no evidence in the record which shows you do not recognize or understand the severity of the misconduct and/or you have not engaged in any other instances of misconduct after the date of the occurrence charged herein. The record further shows you reported the information as soon as you were aware of it, cooperated with the investigation, and you provided accurate and timely information to IAD during its investigation. This is mitigating information in your case.

**Douglas Factor (6):** Consistency of the penalty with those imposed upon other employees for the same or similar offenses.

On the date the PRB considered your case, there were no individuals in your work unit for which the current BDO imposed a penalty based on a same/similar offense.

- 4 -

Special Agent Jared P. Tomaso
Seattle Field Division

**Douglas Factor (7):** Consistency of the penalty with any applicable agency table of penalties.

The PRB consulted the ATF Guide for Penalties and Offenses, to determine an appropriate penalty in your case. The Guide, which is advisory in nature, is available to ATF employees via ATFConnect. The recommended penalty range for a first offense of Charge 1 is a reprimand to a 3-day suspension.

The proposed 1-day suspension is on the low end of the recommended penalty range and is appropriate when considering the unique circumstances of this case which resulted in the theft of suspected drug evidence and the loss of the chain of custody of evidence.

**Douglas Factor (8):** The notoriety of the offense or its impact upon the reputation of the agency.

This is not a relevant factor.

**Douglas Factor (9):** The clarity with which you are on notice of any rules that were violated in committing the offense or had been warned about the conduct in question.

The PRB believes that as an ATF employee, you knew or should have known to take more care when mailing suspected drug evidence. The record shows you participated in the agency's annual training on policies relating to "conduct and accountability," "ethics," as well as "professionalism," and you participated in other Special Agent training requirements. Accordingly, you are aware of the general concept of chain of custody. This is aggravating information in your case.

**Douglas Factor (10):** Potential for your rehabilitation.

The PRB believes you have good potential for rehabilitation. You fully cooperated with the investigation, appear to have been truthful in your recollection of the facts, and there have been no further instances of misconduct. You also admitted it was "probably not a good idea" to place the suspected drug evidence in the FedEx drop box at the time you did so. *See ROI pgs. 43.* This is mitigating information in your case.

**Douglas Factor (11):** Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice, or provocation on the part of others involved in the matter.

There was no mitigating information in the record.

**Douglas Factor (12):** The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

The PRB believes that a 1-day suspension highlights the severity of the offense, will adequately and effectively deter you from such conduct in the future, and promotes the efficiency of the service.

- 5 -

Special Agent Jared P. Tomaso
Seattle Field Division


## REPLY RIGHTS

You have the right to reply to this notice orally and/or in writing, consistent with the provisions of **ATF Order 2140.1B,** *Adverse Action and Discipline*, (March 13, 2025). You may furnish evidence you believe is relevant, including affidavits and other documentary evidence, in support of your reply contesting the reasons and/or the penalty proposed. If you wish to submit a written reply, you must submit it, and any accompanying evidence, **within seven (7) calendar days** of receipt of this notice to the Bureau Deciding Official (BDO), Keith T. Krolczyk at Keith.Krolczyk@atf.gov. If you intend to submit a large volume of written material as part of your reply, please contact the BDO as soon as possible to ensure efficient receipt of the materials.

If you wish to respond orally, you must contact the BDO at the above e-mail address **within two (2) calendar days** of receipt of this notice to schedule an oral reply. A request for an extension of either of these timeframes must be submitted before the timeframe lapses and will only be granted in the case of extenuating circumstances. If you do not wish to submit a reply, or fail to timely do so, a decision will be made based on the proposal and supporting documentation.

**You are hereby advised, if your written reply and/or request for an oral reply is not received within the above-referenced timeframes, and you were not granted an extension, you will have waived your right to respond to this notice.**

You may designate a representative to assist you in your reply by providing your representative's name, occupation and address, in writing, to the BDO, Keith Krolczyk at Keith.Krolczyk@atf.gov, prior to the presentation of your oral reply or submission of your written reply, whichever is sooner. You may review **ATF Order 2140.1B,** *Adverse Action and Discipline* (March 13, 2025), for further information.

If in a duty status, you and your representative, if employed by ATF, will be allowed a reasonable amount of official time to review the material relied upon to support this proposal, to secure affidavits, and to prepare an answer to this notice. You and your ATF representative should make arrangements with your respective supervisors for use of official time. The ROI relied upon to support this proposed action is attached for your review. Any Bureau directives cited herein as justification for this action are available under the "Forms and Policy" area of ATFconnect.

No decision will be made on this proposed action until the expiration of the time allowed for a reply. If you do not wish to submit a reply, or fail to timely do so, a decision will be made based on all the information available at the end of the reply period. If you submit a reply, it will be given full and careful consideration. In either case, you will be notified in writing at the earliest practicable date of the decision in this matter.

- 6 -

Special Agent Jared P. Tomaso
Seattle Field Division

**APPEAL RIGHTS**

Once a decision is imposed, you may grieve the action in accordance with **ATF Order 2115.1B,** *Administrative Grievance Procedures,* (September 2, 2022). A grievance must be submitted in writing within 15 calendar days of the effective date of this action, and it must state: (1) sufficient detail to clearly identify the basis for the grievance; (2) the specific personal relief requested; (3) identify any representative; and (4) be signed by you. Any grievance should be submitted to:

Deputy Director Robert Cekada
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue, NE, 5.S-100
Washington, D.C. 20226

If you believe that prohibited discrimination based on race, color, religion, national origin, gender, sexual orientation, age, disability, genetic information, parental status, or retaliation was involved in this action, you may wish to contact the Bureau's Office of Equal Employment Opportunity (EEO) at (202) 648-8760 to initiate a complaint of discrimination. Should you elect to initiate a complaint, you must contact an EEO counselor within 45 calendar days of the effective date of this action. Information regarding this process and the authority of the Equal Employment Opportunity Commission (EEOC) is available at www.eeoc.gov on the link to "Federal Sector." If you file an EEO complaint, you may not also file a grievance on the same matter.

You may seek corrective action before the U.S. Office of Special Counsel (OSC) if you believe that this proposal or the penalty proposed constitutes a prohibited personnel practice (including retaliation for making a protected whistleblowing disclosure) as defined by 5 U.S.C. § 2302(b). Such an appeal will be limited to whether the action constitutes a prohibited personnel practice (including retaliation for making a protected whistleblowing disclosure). The procedures governing such complaints, and a list of prohibited personnel practices, are available at www.osc.gov.

If you believe that this action is in reprisal for whistleblowing, you may also file a complaint with the U.S. Department of Justice Office of the Inspector General, Investigations Division at 800-869-4499 or at https://oig.justice.gov/hotline.

If you believe that the action was discrimination or reprisal because you exercised a right under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, you may also seek corrective action. Information regarding such an appeal is available at www.mspb.gov on the USERRA Fact Sheet (Information Sheet No. 10).

**EMPLOYEE RESOURCES**

Please remember that, if needed, you may contact ATF's Employee Assistance Program (EAP), a confidential counseling and support program. The EAP Helpline is available 24 hours a day, 7 days a week at 1-888-283-2774 or by visiting ATFAssist.com (Password: ATFAssist).

- 7 -

Special Agent Jared P. Tomaso
Seattle Field Division


During the course of this notice period, you will remain in an active-duty status. If applicable, this memorandum may be maintained indefinitely in files such as Internal Affairs, Giglio, and/or the National Law Enforcement Accountability Database, as required by law. If you need additional information concerning any of your rights as stated in this notice, you or your designated representative may contact Richard Coes, PRB Chair, at (404) 931-0988 or via e-mail at Richard.Coes@atf.gov.


RICHARD COES
Digitally signed by RICHARD COES
Date: 2025.06.24 12:44:59 -04'00'

Richard T. Coes


Attachment(s): ROI number 20250-002, dated March 7, 2025.


## Acknowledgement of Receipt

### (IAD ROI number 20250-002, dated March 7, 2025)


_____    _____

**Employee Signature**                                    **Date**

**Your signature above indicates that you have received this document. It does not mean that you agree or disagree with its contents, and by signing you do not forfeit any of your rights specified above. Failure to sign the acknowledgment of receipt will not void the contents of this memorandum.**


_____    _____

**Signature of Person Delivering Document**    **Print Name and Title**


_____

**Date**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.


Case No.: 2:25-CR-00113-RLP-2,8,9


EXHIBIT 1A



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

Bureau Deciding Official

www.atf.gov

June 9, 2025

100000:RFB
2293

MEMORANDUM TO:   Jared P. Tomaso
                 Special Agent
                 Seattle Field Division

          FROM:   Bureau Deciding Official

       SUBJECT:   Notice of Final Decision on Proposed 1-Day Suspension and Letter of
                  Reprimand

By memorandum dated June 24, 2025, the Chair of the Professional Review Board (PRB) notified you of the PRB's proposal to suspend you from your position of Special Agent (SA), GS-1811-13, based on the following misconduct: **Improper Handling of Evidence**.

As the Bureau Deciding Official (BDO) in this matter, I sustain the charge and mitigate the proposed penalty to a letter of reprimand (LOR). This decision is effective immediately.

I reached my decision after carefully considering the evidentiary record in this case. Specifically, I considered the following: (a) the notice of proposed suspension (Proposal), dated June 24, 2025; (b) the Office of Professional Responsibility and Security Operations (OPRSO), Internal Affairs Division (IAD), Report of Investigation (ROI) number 20250-002, dated March 7, 2025; and (c) your oral reply (OR), which took place on July 8, 2025. You elected not to submit a written reply (WR).

**SUSTAINED MISCONDUCT:**

As the record states the details that led to your proposed suspension, I will not discuss them here. Instead, I will limit my analysis to my decision concerning the proposed misconduct and penalty.

Special Agent Jared P. Tomaso
Seattle Field Division

I find the record contains preponderant evidence to establish that you committed the following misconduct, as charged, for the reasons cited below:

## (SUSTAINED) Improper Handling of Evidence

**(SUSTAINED) Specification 1:** On or about January 24, 2024, you deposited suspected drug evidence in a FedEx drop box.

I considered the evidentiary record, including the information in your OR. I find the underlying ROI, including the evidence cited within the Proposal supports the above listed charge and specification. *See Proposal, pg. 2 (ROI citations supporting the charge and specification are hereby incorporated into this decision).* I disagree with your assertion that your behavior did not violate ATF policy. *See OR, generally.* The facts clearly show the shipping method you chose (i.e. an unattended drop box) was not safe and did not ensure the chain of custody was maintained. Moreover, I conclude it was not reasonable to leave suspected drug evidence unattended in a mailbox for any period of time, much less overnight. For these reasons, I find the preponderance of the evidence supports a conclusion that you engaged in the misconduct, as charged.

## LETTER OF REPRIMAND:

In accordance with **ATF Order 2140.1B,** *Adverse Action and Discipline,* **(March 13, 2025),** I hereby reprimand you for your misconduct, as sustained above and as documented within the IAD evidentiary record. Specifically, you are reprimanded for the improper handling of suspected drug evidence which was left unattended and overnight in a dropbox. Your misconduct is serious in that it is directly related to your duties, position, and responsibilities as a Special Agent who routinely handles evidence. Moreover, your misconduct is serious as the theft of the property negatively impacted the criminal charges which could be proven in the criminal case related to the suspected drugs.

You are hereby reminded of the importance of exercising sound discretion during the performance of your duties, including when and how you ship suspected drug evidence. You are further instructed to review **ATF Order 3400.1E,** *Property Taken into Bureau Custody* **(March 26, 2025)** to ensure an incident like this does not occur again in the future. You are further advised that it is not acceptable, nor is it in line with agency policy, to leave suspected drug evidence overnight in a dropbox. The record is clear that with better planning, you could have (and should have) ensured the suspected drug evidence was placed in the physical possession of an employee at the shipping carrier.

I mitigated the proposed 1-day suspension to a Letter of Reprimand because you stated you lacked clarity regarding the policy. While I conclude the policy is clear, the record shows your supervisor also lacked clarity regarding the agency's policy. As such, I mitigated the penalty to a Letter of Reprimand. I also mitigating as it is clear you no longer engage in this behavior.

However, because your duties routinely require you to handle evidence, I hereby advise you that you should maintain the highest level of standards when conducting your work and always ensure evidence is maintained within the possession of the shipping carrier. As a general rule,

Special Agent Jared P. Tomaso
Seattle Field Division

you should not use a mail drop box when shipping suspected drug evidence as it may lead to chain of custody issues, as in this case.

I find the Letter of Reprimand is appropriate to underscore the importance of following the agency's policies/procedures. I further find the Letter of Reprimand is warranted as you could have and should have taken more care when shipping the suspected drug evidence. Your actions fell short of the standard expected of you as a Special Agent, and will not be tolerated in the future. Lastly, this Letter of Reprimand will impress upon you the seriousness with which I view your misconduct, will adequately deter such conduct in the future, and promotes the efficiency of the service.

**Any further instance of misconduct may result in disciplinary action or adverse action, including suspension or removal from Federal service. A copy of this reprimand will be placed in your Official Personnel Folder (OPF) for up to two years.**

If applicable, a copy of this reprimand may be maintained indefinitely in Agency records such as Internal Affairs and *Giglio* files as required by law.

## APPEAL RIGHTS:

You have the right to grieve this action in accordance with **ATF Order 2115.1B, Administrative Grievance Procedures**, dated September 2, 2022. A grievance must be submitted in writing within 15 calendar days of the effective date of this action, and it must state: (1) sufficient detail to clearly identify the basis for the grievance; (2) the specific personal relief requested; and (3) the identity of any representative. A grievance should be submitted to:

Deputy Director Robert Cekada
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue, NE
Washington, D.C. 20226

If you believe that prohibited discrimination based on race, color, religion, national origin, gender, sexual orientation, age, disability, genetic information, parental status, or retaliation was involved in this action, you may wish to contact the Bureau's Office of Equal Employment Opportunity (EEO) at (202) 648-8760 to initiate a complaint of discrimination. Should you elect to initiate a complaint, you must contact an EEO counselor within 45 calendar days of the effective date of this action. Information regarding this process and the authority of the Equal Employment Opportunity Commission (EEOC) is available at www.eeoc.gov on the link to "Federal Sector." If you file an EEO complaint, you may not also file a grievance on the same matter.

You may seek corrective action before the U.S. Office of Special Counsel (OSC) if you believe that this proposal or the penalty proposed constitutes a prohibited personnel practice (including retaliation for making a protected whistleblowing disclosure) as defined by 5 U.S.C. § 2302(b). Such an appeal will be limited to whether the action constitutes a prohibited personnel practice (including retaliation for making a protected whistleblowing disclosure). The procedures

Special Agent Jared P. Tomaso
Seattle Field Division

governing such complaints, and a list of prohibited personnel practices, are available at
www.osc.gov.

If you believe that this action is in reprisal for whistleblowing, you may also file a complaint
with the U.S. Department of Justice Office of the Inspector General, Investigations Division at
800-869-4499 or at https://oig.justice.gov/hotline.

If you believe that the action was discrimination or reprisal because you exercised a right under
the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38
U.S.C. § 4301, you may also seek corrective action. Information regarding such an appeal is
available at www.mspb.gov on the USERRA Fact Sheet (Information Sheet No. 10).


**EMPLOYEE RESOURCES:**

Please remember, if needed, you may contact ATF's Employee Assistance Program (EAP), a
confidential counseling and support program. The EAP Helpline is available 24 hours a day, 7
days a week at 1-888-283-2774 or by visiting ATFAssist.com (Password: ATFAssist).

If you have any questions concerning your rights or the procedures in this matter, you may
contact Rebecca Bedford, Counsel to the Bureau Deciding Official, Management Division, at
(202) 648-7016 or via email at Rebecca.Bedford@atf.gov.


Keith Krolczyk
Bureau Deciding Official

Special Agent Jared P. Tomaso
Seattle Field Division

**Acknowledgment of Receipt**
**Notice of Final Decision in ROI 20250-002, dated March 7, 2025**

_____          7/16/2025
**Employee Signature**                              **Date**

Your signature above indicates that you have received this document. It does not mean
that you agree or disagree with its contents, and by signing you do not forfeit any of your
rights specified above. Failure to sign the acknowledgment of receipt will not void the
contents of this memorandum.

_____          7-16.25
**Name/Signature of Person Delivering Document**      **Date**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.


Case No.: 2:25-CR-00113-RLP-2,8,9


EXHIBIT 4



**SPOKANE COUNTY SHERIFF**

**SHERIFF JOHN F. NOWELS**

"In partnership with the community - Dedicated to your safety"

## OFFICE OF THE SHERIFF SPOKANE COUNTY
### Internal Investigation
### <u>CASE FINDING NOTICE</u>

**TO:** Deputy Brittan Morgan      **Date:** 4/11/2024

**FROM:** Sheriff John F. Nowels      **I. A. #:** EVT-00000597-2

An internal investigation has been conducted concerning certain allegations of misconduct. These allegations stem from an incident that occurred on or about:

**DATE/TIME:** 12/08/2023@0046hrs **AT** 10412 E Sprague Ave.

**COMPLAINANT:** Chief Ellis

**INCIDENT NUMBER:** 2023-10182882

**You are hereby notified of the following findings:**

**COMPLAINT #1:** **300.5 REPORTING THE USE OF FORCE**

Any use of force by a member of this office shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The deputy should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances

☐ **EXONERATED**          **SUSTAINED** ☒

☐ **NOT SUSTAINED**       **UNFOUNDED** ☐

☐ **POLICY/TRAINING/EQUIPMENT FAILURE**

**COMPLAINT #2:** **340.3.2 CONDUCT**

(a) Any conduct tending to destroy public respect and confidence in the operation of police services or the efficiency of the Sheriff's Office. Deputies shall conduct themselves at all times both on and off duty in such a manner as to reflect favorably on the department. Conduct unbecoming an officer shall include that which brings the department into disrepute or reflects discredit upon the deputy as a member of the department or that which impairs the operation or efficiency of the department or any deputy or employee.

☐ **EXONERATED**          **SUSTAINED** ☒

☐ **NOT SUSTAINED**       **UNFOUNDED** ☐

☐ **POLICY/TRAINING/EQUIPMENT FAILURE**

**SPOKANE COUNTY SHERIFF**

*"In partnership with the community - Dedicated to your safety"*

**SHERIFF JOHN F. NOWELS**

**COMPLAINT #3:**     **460.5 ACTIVATION OF THE BODY WORN CAMERA**

This policy is not intended to describe every possible situation in which the BWC should be used, although there are many situations where its use is appropriate. Members should activate the BWC any time the member believes it would be appropriate or valuable to record an incident. Members should be mindful of activations while inside sensitive areas (restroom, personal residence, etc) and delay activation so those areas are not captured.

The BWC shall be activated in any of the following situations:

- When responding to or enroute to all calls for service including self-dispatched calls.

- All enforcement and investigative contacts including stops and field interview (FI) situations.

- Traffic stops including, but not limited to, traffic violations, stranded motorist assistance and all crime interdiction stops.

- Self-initiated activity in which a member would normally notify Combined Communication Center.

- Prisoner transports.

- Reading of Miranda warnings and during custodial interviews per state law.

- Taking victim and witness statements.

- Vehicle pursuits.

- Anytime a Code 2 or Code 3 response is initiated.

| | |
|---|---|
| ☐ EXONERATED | SUSTAINED ☒ |
| ☐ NOT SUSTAINED | UNFOUNDED ☐ |
| ☐ POLICY/TRAINING/EQUIPMENT FAILURE | |



**SPOKANE COUNTY**

**SHERIFF**

**SHERIFF JOHN F. NOWELS**

"In partnership with the community -
Dedicated to your safety"

### NARRATIVE

**Sheriff Nowels determined the allegations were Sustained, he issued a Coach, Guide and Direct, and Remedial Training from the Training Unit for the policy violations.**

This case file will be maintained by the Office of Professional Standards.

SHERIFF

_____
Member

04-11-2024
Date/Time Received

_____
Served By

O (509) 477-4739 | F (509) 477-5641 | 1100 W. MALLON AVE. | PUBLIC SAFETY BUILDING | SPOKANE, WA 99260-0300

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

EXHIBIT 3



**SPOKANE COUNTY SHERIFF**

**SHERIFF JOHN F. NOWELS**

"In partnership with the community - Dedicated to your safety"

## OFFICE OF THE SHERIFF SPOKANE COUNTY
### Internal Investigation
### <u>CASE FINDING NOTICE</u>

**TO:** Deputy Brittan Morgan      **Date:** 7/16/2024

**FROM:** Sheriff John Nowels      **I. A. #:** EVT-2024-0193-1

An internal investigation has been conducted concerning certain allegations of misconduct. These allegations stem from an incident that occurred on or about:

**DATE/TIME:** 4-20-24      **AT**      Anytime Fitness, Deer Park

**COMPLAINANT:** Jennifer Plourde

**INCIDENT NUMBER:** 2024-20074027

**You are hereby notified of the following findings:**

**COMPLAINT #1:** 340.3.2 CONDUCT
(a) Any conduct tending to destroy public respect and confidence in the operation of police services or the efficiency of the Sheriff's Office. Deputies shall conduct themselves at all times both on and off duty in such a manner as to reflect favorably on the department. Conduct unbecoming an officer shall include that which brings the department into disrepute or reflects discredit upon the deputy as a member of the department or that, which impairs the operation or efficiency of the department or any deputy or employee.

☐ **EXONERATED**      **SUSTAINED** ☒

☐ **NOT SUSTAINED**      **UNFOUNDED** ☐

☐ **POLICY/TRAINING/EQUIPMENT FAILURE**

**COMPLAINT #2:** 340.3.2 CONDUCT
(a) Any conduct tending to destroy public respect and confidence in the operation of police services or the efficiency of the Sheriff's Office. Deputies shall conduct themselves at all times both on and off duty in such a manner as to reflect favorably on the department. Conduct unbecoming an officer shall include that which brings the department into disrepute or reflects discredit upon the deputy as a member of the department or that, which impairs the operation or efficiency of the department or any deputy or employee.

☐ **EXONERATED**      **SUSTAINED** ☒

☐ **NOT SUSTAINED**      **UNFOUNDED** ☐

☐ **POLICY/TRAINING/EQUIPMENT FAILURE**



**SPOKANE COUNTY**
**SHERIFF**

**SHERIFF JOHN F. NOWELS**

"In partnership with the community.
Dedicated to your safety"

## NARRATIVE

**Two counts of conduct unbecoming for his use of language to the public and then again with another officer from a different department.**

This case file will be maintained by the Office of Professional Standards.

_____          _____
Division Commander                 SHERIFF

_____          _____
Member        592239               Served By    LT. H. WHARGUES   591148
                   07-16-24 /1948hrs
                   Date/Time Received

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.


Case No.: 2:25-CR-00113-RLP-2,8,9


EXHIBIT 4

Complaint - External EVT-00000612-2    Final
Author: Buell, Andrew (591195)

OVERVIEW

Event Information

CITIZENS    1

Pike, Susan D

DOB  09/25/1958
SEX  F - Female

EMPLOYEES    1

Morgan, Brittan (592339)

COMPLAINT

## Morgan, Brittan (592339)

### Employee Details

EMPLOYEE / EMPLOYEE NUMBER
Morgan, Brittan (592339)

ROLE
I - Involved

WORK ASSIGNMENT
Patrol-Night

### Allegations

**ALLEGATION 1**

ALLEGATION
Excessive Force

RESOLUTION **FINAL REVIEWER ONLY**
Exonerated

ACTION TAKEN **FINAL REVIEWER ONLY**
1 - No Action Needed

**ALLEGATION 2**

ALLEGATION
Conduct

RESOLUTION **FINAL REVIEWER ONLY**
Policy/Training

ACTION TAKEN **FINAL REVIEWER ONLY**
2 - Coach, guide and direct

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

EXHIBIT 5

# SPOKANE POLICE DEPARTMENT

## CHIEF OF POLICE
### KEVIN HALL

---

### *Internal Affairs Investigation*
### *Case Finding Notice*

**To:** Officer Daniel Valencia #1385                **Date:** 12/17/2024

**From:** Assistant Chief Mike McNab #689        **IA Number:** C24-051

An internal review has been concluded concerning certain allegations of misconduct. These allegations stem from an incident that occurred on:

**Received Date:** 6/27/2024                **Investigator:** Sgt. T. Nollmeyer

**Report Number:** 2024-20125538        **Complainant:** Eric Harvey

**Allegation:**    Bias Policing                    **Finding:** Unfounded

    Policy 340.3.3 – Discrimination.

**Allegation:**    Fail to Report                    **Finding:** Sustained

    Policy 308.4.1 – Restraint of Detainees.

**Sanction:**    Document of counseling.


*Assistant Chief Mike McNab #689*

*This case file will be maintained in the Internal Affairs files and available for your review. In the event of an "Improper Conduct" finding, a copy of any disciplinary report will become a part of your personnel file.*

Public Safety Building • 1100 W. Mallon Avenue • Spokane, Washington 99260-0001



This document was created by an application that isn't licensed to use novaPDF.
Purchase a license to generate PDF files without this notice.

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.


Case No.: 2:25-CR-00113-RLP-2,8,9


EXHIBIT 6

**Spokane Police Department**

Internal Affairs

Employee Resume

Officer Daniel Valencia [1385]

---

Part I - Personal Information

---

Name:  Officer Daniel  Valencia
Payroll Number: 23798   Badge No: 1385   Hire Dt: 01/28/2019

Chief of Police:  Chief of Police
Bureau:  Operations
Division:  K9

---

Part II - Sustained Complaints/Corrective Actions

---

### OPO Citizen Complaint  IA #: C24-051   Case #: 2024-20125538

Received date: Jun 27, 2024   Occurred date:  Jun 25, 2024

Classification:

Allegation(s):

  Failure to Report - Sustained - Dec 17, 2024
   Policy 308.4.1 Restraint of Detainees

    Action(s) taken

      Jan 25, 2025 - Document of Counseling  Days/hrs suspended/assessed: 0

Action(s) taken

  <None>

Printed: Apr 09, 2026 15:26   By: Lieutenant Michael Schneider

This document was created by an application that isn't licensed to use novaPDF.
Purchase a license to generate PDF files without this notice.

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.


Case No.: 2:25-CR-00113-RLP-2,8,9


EXHIBIT 7

# SPOKANE POLICE DIVISION
## INTERIM CHIEF OF POLICE
### PATRICK M. DOBROW

*Internal Affairs Investigation*
*Case Finding Notice*

**To:** Ofc. Gonsalves #1239                                 **Date:** 03/07/2016

**From:** Assistant Chief Craig Meidl # 388                  **IA Number:** C16-001

An internal review has been concluded concerning certain allegations of misconduct.  These allegations stem from an incident that occurred on:

**Date:** 01/05/2016

**Report Number**: Incident #16-5576        **Complainant:** Pavel G Nosov        **Location:** Pittsburg/Providence

**Allegation #1:** Inadequate Response

**Investigator:** Sgt. Dave Staben

**Finding:**    Allegation #1        **Sustained**

**Sanction:**    Documentation of Counseling

**Narrative**:    None.

_____
Assistant Chief Craig Meidl #388

*This case file will be maintained in the Internal Affairs files and available for your review.  In the event of an "Improper Conduct" finding, a copy of any disciplinary report will become a part of your personnel file.*

Public Safety Building • 1100 W. Mallon Avenue • Spokane, Washington 99260-0001



UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

EXHIBIT 8

# DOCUMENTATION OF COUNSELING

NAME OF SUPERVISOR: Sgt. Bartlett #401
NAME OF EMPLOYEE: Ofc. Gonsalves #1239
DATE OF COUNSELING: 04/14/2016
TYPE OF COUNSELING: Written

☒ Job performance/duty    ☐ Safety
☐ Sick leave        ☐ Other _____
☐ Training

SUMMARY OF ISSUE/CONCERN: (attach applicable document/records)
On 01/05/2016 a complaint was made against you alleging inadequate response. A subsequent Internal Affairs investigation returned with a finding that the complaint was sustained.

SUMMARY OF COUNSELING GIVEN:
On 04/15/2016 you and I discussed this incident. We discussed the importance of conducting complete and thourough investigations. During this incident no names were checked while investigating an allegation of a felony (Threats to kill) and no report was written. We also discussed confirming pertinent information that is relayed by dispatch, as often times dispatchers are only given partial, or false, information.

Since coming to our patrol team it has been my observation that this is not typical of your investigations.

It is important that incidents such as this do not occur again, as it could result in further discipline.

Signature of Supervisor _~~~~~~_ #401

I, _Keith Gonsalves_, (employee) acknowledge that the above-named supervisor did discuss with me the issues, concerns, and counseling noted above. I do/do not (circle one) agree with this counseling. I may submit additional comments to be attached to this form on today's date.

Date: _4-15-16_    Employee: _~~~~~~_ #1239

Page 1 of 1

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORALL,
BAJUN DHUNJIHA MAVALWALLA II, and
JAC DALITSO ARCHER,

Defendants.

Case No.: 2:25-CR-00113-RLP-2,8,9

EXHIBIT 9

**Spokane Police Department**

Internal Affairs

Employee Resume

Sergeant Keith H Gonsalves [1239]

---

Part I - Personal Information

---

Name: Sergeant Keith H Gonsalves
Payroll Number: 21537   Badge No: 1239   Hire Dt: 11/10/2014

Chief of Police:  Chief of Police
Bureau:  Operations
Division:  Adam Sector

---

Part II - Sustained Complaints/Corrective Actions

---

**Citizen Complaint  IA #: C16-001   Case #: 16-5576**

Received date: Jan 8, 2016    Occurred date:  Jan 5, 2016

Classification:

Allegation(s):

   Inadequate Response - Sustained - Mar 7, 2016

      Action(s) taken

         Apr 14, 2016 - Document of Counseling  Days/hrs suspended/assessed: 0

Action(s) taken

   <None>

Printed: Apr 09, 2026 15:31   By: Lieutenant Michael Schneider

This document was created by an application that isn't licensed to use novaPDF.
Purchase a license to generate PDF files without this notice.