Todd Blanche
Attorney General
Rebecca R. Perez
Lisa C. Cartier-Giroux
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTICE FORRAL, BAJUN DHUNJISHA MAVALWALLA II, and JAC DALSITO ARCHER,<br><br>Defendants. | Case No. 2:25-CR-00113-RLP-2, 8, 9<br><br>UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF (ECF 441) AND MOTION TO EXPEDITE (ECF 442) |

Plaintiff United States of America, by and through Rebecca R. Perez and Lisa Cartier-Giroux, Assistant United States Attorneys for the Eastern District of Washington, hereby submits its opposition to the motion for leave to file an amicus brief filed by the ACLU of Washington (ECF 441) and motion for expedited hearing (ECF 442).

Defendants were indicted by a grand jury on July 9, 2025. ECF 1. They appeared in federal court on July 15, 2025. ECF 70, 83. Multiple news organizations covered the initial proceedings. *See* https://www.seattletimes.com/seattle-

news/federal-agents-arrest-spokane-ice-protesters/ (last visited October 20, 2026); https://www.spokesman.com/stories/2025/jul/15/spokane-ice-protesters-including-stuckart-arrested/ (last visited October 20, 2026).

The case proceeded to trial on May 18, 2026, and Defendants were found guilty on May 28, 2026, again with significant local and national publicity. *See* https://www.kxly.com/news/crime/spokane-ice-protesters-found-guilty-of-conspiracy-to-impede-officers/article_e1d38883-30b6-4741-8afd-e2fffbb8da0f.html (last visited October 20, 2026); https://www.nytimes.com/2026/05/29/us/ice-protesters-convicted-spokane.html (last visited October 20, 2026).

Following the verdicts, this Court granted multiple scheduling orders for post-trial motions, with an ultimate filing deadline of August 21, 2026. ECF 403. On that date, hundreds of pages of briefing were filed by all three Defendants. The United States' response to that briefing is due October 26, 2026. ECF 432.

The ACLU now seeks leave, 7 weeks after Defendant's motions deadline and one week before the United States response deadline, to file additional briefing. There is no valid reason for the untimely filing, as the issues and facts of this case were well known and received significant media attention for over the past year. Further, the parties have already been given significant time and multiple extensions to file briefing. The ACLU claims this brief will aid in this Court in review of Defendant's motions, and proposes an evidentiary hearing regarding potential selective prosecution claims. The ACLU's briefing is therefore not only in violation of this Court's

scheduling order, but also raises new issues which were already rejected by this Court in pretrial motions. ECF 287 (denying Defendant's selective prosecution argument as untimely). The ACLU now seeks to raise those same issues, again untimely, seeking to circumvent this Court's previous ruling. *See* Fed. R. App. P. 29(a)(6) (requiring that that any amicus brief, in the appellate context, be filed 7 days after a party's principal brief is filed.) In addition, Fed. R. Crim. P. 12(b)(3)(A)(iv) also requires that any claim of selective prosecution be raised before trial, which thus guts any timely basis for the proposed amicus brief's selective prosecution claim.

Further, if this Court permits the late filing of this brief, the United States will be unable to file a timely  response, in light of the existing significant briefing due 6 days from this time of this filing. If the late filing is permitted, the United States will need to request significant additional time to respond. The interests of justice and the interests of the public and parties in timely judicial proceedings outweighs the ACLU's untimely and unexplained request for leave to file an undeniably delayed brief when at least one posttrial defense motion received media attention four months ago and the others roughly two months ago. *See* https://www.spokesman.com/stories/2026/jun/23/one-of-spokane-three-submits-motion-for-judgement-/ (last visited October 20, 2026). The ACLU's motion for leave to file an amicus briefs provides no explanation for its delay in filing its own motion and should thus be summarily denied. Finally, the free speech issues raised by the ACLU are already addressed by the Defendant's pleadings. *See* Ninth Circuit

Advisory Comm. Note to Fed. R. App. P. 29 states that "amici briefs should not repeat arguments or factual statements made by the parties."

Dated: October 20, 2026

*s/ Rebecca R. Perez*
Rebecca R. Perez
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*s/ Rebecca R. Perez*
Rebecca R. Perez .
Assistant United States Attorney