Matthew F. Duggan
Duggan Law Offices
23505 E. Appleway Avenue
Suite 200-175
Liberty Lake, Washington 99019
509-951-2047
matt@mattdugganlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BAJUN DHUNJISHA MAVALWALLA II,<br>Defendant. | No: 2:25-CR-00113-RLP-8<br><br>Defendant Mavalwalla's Reply In Support Of Rule 29 And Rule 33 Motion |

**Introduction**

The United States response brief emphasizes the lack of proof of the necessary elements for conviction in this case. The government did not establish that Mavalwalla made any agreement with anyone to prevent officers from discharging their duties by using force, intimidation, or threats. Additionally, the erroneous jury instruction including an overt act as an element of the conspiracy improperly broadened the scope of accomplice liability.

The Government states that the Defendant failed to readdress concerns about misattributed statements during Government cross examination, yet failed to produce supporting evidence for those statements despite being ordered to do so by the Court. The Government stated that the Defendant's statements were in the Agent's reports, when the attributed statements used by the Government on cross examination were in no such reports and never substantiated by the Government.

As Supreme Court Justice George Sutherland said in the case of *Berger v. United States*, "The United States Attorney is the representative not of an ordinary party to a controversy... He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones." The Government, in its quest for a conviction rather than justice, ran afoul of Justice Sutherland's admonition.

## Argument

THE COURT'S ERRONEOUS INCLUSION OF AN OVERT ACT AS AN ELEMENT OF THE CONSPIRACY OFFENSE IMPROPERLY BROADENED THE SCOPE OF AIDING AND ABETTING LIABILITY.

The Court instructed the jury that to find Mavalwalla guilty of aiding and abetting the 18 U.S.C. § 372 conspiracy, it had to find that he "aided, counseled, commanded, induced, or procured [a conspirator] with respect to at least one element" of the conspiracy offense. ECF 361 at 23 (emphasis added). The instructions included as an element of the conspiracy offense--erroneously, as the government concedes, ECF 449 at 9-10--that "one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy." ECF 361 at 20. The instructions thus permitted the jury to convict Mavalwalla if it concluded that he "aided, counseled, commanded, induced, or procured" one of the alleged conspirators with respect to the commission of an overt act, even though commission of an overt act is not an element of the conspiracy offense. Put differently, the erroneous conspiracy instruction, imported into the aiding and abetting instruction through the "at least one element" language, permitted the jury to convict Mavalwalla for conduct that is not a crime.

The jury almost certainly convicted on this improper basis. The two elements of the § 372 conspiracy offense are (1) "an agreement between two or more persons" to take one or more of four actions with respect to an officer of the United States, and (2) that the defendant "became a member of the conspiracy knowing of its improper purpose and intending to help accomplish that purpose." ECF 361 at 19-20. There is not a shred of evidence that Mavalwalla "aided, counseled, commanded, induced, or procured" a conspirator with respect to the existence of an agreement or with respect to becoming a member of any conspiratorial agreement.

The only specific conduct the indictment attributes to Mavalwalla appears in overt act 3 of the conspiracy. ECF 1 at 3-4. That overt act alleges that "while federal officers attempted to exit the federal facility through the secure parking lot and vehicle gate," Mavalwalla, Forral, Archer, and other alleged conspirators "physically blocked the driveway of the federal facility and/or pushed against the officers." The conduct alleged in overt act 3 was the focus of the case against Mavalwalla, as the government's opposition makes clear. E.g., ECF 449 at 4-8. A rational juror following the Court's instructions could only have found the second aiding and abetting element satisfied by concluding that Mavalwalla "aided, counseled, commanded, induced, or procured [a conspirator] with respect to" overt act 3.

The government makes no effort to identify evidence that Mavalwalla "aided, counseled, commanded, induced, or procured" a conspirator with respect to the existence of an agreement or with respect to becoming a member of the conspiracy, as required for an aiding and abetting conviction. Instead, it offers two arguments, neither of which succeeds.

First, the government asserts:

Even if a jury found that a defendant aided, counselled, commanded, induced or procured the conspirator in the performance of an overt act (ie the 'problem' element) that was committed by the conspirator for the purpose of carrying out the conspiracy, and the defendant did so with the intent to facilitate the conspiracy, the elements of aiding and abetting would be met (assuming he acted before the crime was completed).

ECF 449 at 10. This is wrong, as the Court's aiding and abetting instruction shows. To convict a defendant on an aiding and abetting theory, the jury must find both that the defendant "aided, counseled, commanded, induced, or procured [a conspirator] with respect to at least one element of" the conspiracy offense (the second element in the Court's aiding and abetting instruction), and that the defendant "acted with the intent to facilitate" the conspiracy (the third element in the Court's instruction). ECF 361 at 23.

These are separate elements of aiding and abetting liability. Contrary to the government's argument, a jury finding on one aiding and abetting element (intent to facilitate the conspiracy) does not eliminate the need for a jury finding on the other (aiding, counseling, etc. with respect to an element of the conspiracy offense). The Court's aiding and abetting instruction makes this point clear; the instruction requires the government to "prove each of the following beyond a reasonable doubt," followed by four distinct elements. ECF 361 at 23 (emphasis added). And by the same token, a correct instruction on one aiding and abetting element does not cure instructional error affecting another, separate element.

The government's second argument also fails. It tries to blur the distinction between aiding and abetting a conspiracy and aiding and abetting a substantive offense. The following passage from the government's opposition shows how it confuses the issue:

> To be convicted of aiding and abetting a drug conspiracy in violation of 21 U.S.C. § 846, a crime which like § [3]72 does not require the United States to prove overt acts, the aider and abettor nonetheless would have to do something to aid, counsel, command, induce, or procure a principal to [[distribute] [manufacture]] a [specified controlled substance], with the intent to facilitate the drug conspiracy. See Ninth Circuit Model Criminal Jury Instructions § 12.5 (2022).

ECF 449 at 10 (emphasis in original).

The government's purported paraphrase of the Ninth Circuit pattern § 846 instruction omits the critical language that distinguishes a drug conspiracy from a substantive drug offense. The actual first element of a drug conspiracy requires proof of "an agreement between two or more persons to [[distribute] [manufacture]] [specify controlled substance]." Manual of Model Criminal Jury Instructions for the District Court of the Ninth Circuit at 222, Instruction 12.5 (2022) (first emphasis added). By omitting the agreement requirement, which forms the heart of a conspiracy offense, the government's paraphrase transforms the conspiracy instruction into a substantive offense instruction. See id. at 220, Instruction 12-4.

The difference is critical. For a substantive drug offense, an aider and abettor must indeed (in the government's words) "do something to aid, counsel, command, induce, or procure a principal to [distribute or manufacture a drug]." But for a drug conspiracy, an aider and abettor must aid, counsel, command, induce, or procure a principal to agree to distribute or manufacture a drug. Similarly, here the jury should have been instructed that to find Mavalwalla guilty on an aiding and abetting theory, it had to find that he aided, counseled, commanded, induced, or procured a conspirator with respect to the existence of an agreement (conspiracy element one) or with respect to becoming a member of the conspiracy (conspiracy element two). The Court's erroneous inclusion of an overt act as an element of the conspiracy offense meant that the jury could convict Mavalwalla of aiding and abetting the alleged conspiracy without making either of these findings.

**Conclusion**

For these reasons, and for the reasons in ECF 374 and 392, the Court should either grant Mavalwalla judgment of acquittal or order a new trial.

DATED: November 10, 2026,

Respectfully Submitted,
<u>*/s/ Matthew F. Duggan*</u>

Matthew F. Duggan
Attorney for Defendant
23505 E. Appleway Ave., Ste 200-175
Liberty Lake, WA 99019
509-951-2047

matt@mattdugganlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: United States Attorney for the Eastern District of Washington.

*/s/ Matthew F. Duggan*
Matthew F. Duggan
Attorney for Defendant